116 So.2d 76 (1959)
Antonio BERTOLI, Plaintiff-Appellant,
v.
Luighi FLABIANO et al., Defendants-Appellees.
No. 4883.
Court of Appeal of Louisiana, First Circuit.
November 16, 1959.
*78 H. Alva Brumfield, Arthur J. Cobb, Baton Rouge, for appellant.
Bienvenu & Culver, New Orleans, for appellees.
Before ELLIS, LOTTINGER, TATE and CULPEPPER, JJ.
TATE, Judge.
Plaintiff Bertoli sues for injuries sustained while he was riding as a passenger in a car driven by defendant Flabiano. The latter's insurer was made codefendant. The case was tried before a jury and resulted in judgment for defendants, and plaintiff appeals from the dismissal of his suit.
The evidence is essentially undisputed.
The accident occurred just after dark December 4, 1956, on U.S. Highway 61 in open country about 14 miles north of Baton Rouge. Immediately before the accident, Flabiano was driving south towards Baton Rouge with his lights on and at a speed of 55-60 mph (80.3 to 87.6 feet per second), which was within the legal speed limit. Just after passing an oncoming northbound vehicle, Flabiano saw to his immediate front an old Dodge truck angling southward across the highway from a private driveway to its east, his left. He applied his brakes and swerved right but was unable to avoid striking the truck, and his own vehicle ran off the highway and came to rest against a pine tree about 75 feet south of the point of impact. As a result of this accident, his passenger, plaintiff Bertoli, suffered certain painful injuries.
Dixon, the driver of the truck, testified that he had waited for the northbound vehicle to pass prior to pulling out on the highway from the driveway; that his headlights shone onto the highway during this interval; and that he saw only the red taillights of the northward vehicle that had passed but no southbound traffic, and therefore pulled out onto the highway heading southerly. He stated that he was struck by Flabiano's vehicle just as his own front right wheels crossed the center-line, which is corroborated by the investigating police officer's placing the point of impact as in the southbound (Flabiano's) lane, about 1½ feet west of the center-line.
The trier of fact correctly found Flabiano free of negligence and dismissed plaintiff's suit. Under the evidence, the accident was caused solely by Dixon's negligence. As we recently stated in Franklin v. Holoman, La.App., 110 So.2d 776, at pages 777-778: "When a collision occurs between a vehicle entering a through highway from the side and a vehicle traveling at a reasonable speed on the main highway, the driver of the latter vehicle is absolved from blame if unable reasonably to avoid an accident after an entry by the inferior vehicle, because drivers on through highways are not required to anticipate the sudden emergence across and into their path of vehicles with an inferior right of way, but are entitled ordinarily to assume that the inferior traffic will accord vehicles on the main highway the right of way to *79 which the latter are entitled. [Citations omitted]."
In urging that negligence on the part of Flabiano contributed to the accident, counsel for plaintiff chiefly relies upon Flabiano's admission that he did not see the Dixon truck or its lights until, after the oncoming northbound vehicle had passed him, the truck was already half across the highway.
Prior to this time, however, Flabiano's view of the east lane (in which Dixon's truck was crossing) was hidden from Flabiano's view by the oncoming northbound vehicle behind which Dixon had entered the highway. As he and the northbound vehicle crossed, Flabiano saw Dixon's truck entering his lane, just 65 feet in front of him, less than a second in time away at the (legal) speed at which he was approaching. He had no reasonable opportunity thereafter to avoid the accident. And had Flabiano seen earlier the lights of Dixon's truck waiting in the driveway east of the highway, he was under no duty to anticipate that the truck would pull from the driveway onto his path on the main highway in derogation of his own right of way; and thus any failure of lookout on Flabiano's part in failing to observe Dixon's truck parked in the driveway was not a proximate cause of the accident. Janice v. Whitley, La.App. 1 Cir., 111 So.2d 852; cf., Robbins v. Mydland, La.App. 1 Cir., 81 So.2d 561.
Finally, plaintiff alternatively contends that the case should be remanded for a new trial because the adverse jury verdict resulted from prejudicial error committed in two respects by the trial court, namely:
(1) That the trial court permitted the defendant's counsel to read from law books in arguing the case to the jury.
Although this point is excellently briefed by both counsel, this alleged improper argument is not before us for review because (as the attorney for the defendant correctly urges) no objection thereto was entered by plaintiff's counsel prior to the adverse verdict. To preserve a party's right to urge error on appeal, it is necessary to make formal objection to admissibility or competency of evidence sought to be introduced (LSA-R.S. 13:4448) or to an incorrect charge (Code of Practice, Article 517). Likewise, it seems to us, in the absence of objection to allegedly improper argument, the trial court is afforded no opportunity to prevent or correct the alleged error, and the plaintiff must be deemed to have waived his right to complain of the alleged impropriety upon appeal. This is the rule in the other American jurisdictions. See 4A C.J. S. Appeal & Error § 794.
(2) That, over plaintiff's objection, the trial court permitted the investigating police officer to answer defendant's question "Who did you charge with reckless driving, if anybody?", with the information that he had charged only Dixon with improper driving as a result of the accident between Dixon and defendant Flabiano.
The question asked sought to elicit information which was incompetent on the issue of which driver was negligent in the premises. See cases cited in Blashfield's Cyclopedia of Automobile Law & Practice, Section 6196. The question of who was or who was not arrested or charged as the result of the accident seeks to give undue weight to the police officer's opinion or accusation of fault, determination of which is the function of the court and not of the police officer. In fact, the preponderance of Louisiana cases hold that proof even of a criminal conviction is not admissible in civil proceedings growing out of the same incident, although there is some authority to the contrary. See Reid-Elliott Motors, Inc. v. Lee, La.App. 1 Cir., 94 So.2d 160 for full discussion.
However, although the objection should have been sustained to the question, and although the information presented to the jury was inadmissible, under the evidence *80 contained in the present record the plaintiff is not entitled to a new trial or to a reversal. Unlike the appellate review in many states, the Louisiana courts of appeal are required in appeals before them to pass upon both law and facts. Art. 7, Section 29, LSA-Constitution. By the great preponderance of the evidence in the present suit, we find that the jury correctly held the defendants to be free of liability; had the jury reached a contrary conclusion, we would have reversed its verdict. Error in the respect complained of is not, therefore, of sufficient consequence to entitle plaintiff either to a reversal or to a remand for a new trial.
For the above and foregoing reasons, the judgment dismissing plaintiff's suit is affirmed.
Affirmed.