ELLIS, Judge:
This case arises out of a three car collision which happened at the Government Street exit on the northbound side of the Baton Rouge Expressway. The vehicles involved were an automobile owned by Harrison D. Lawless, Jr. and operated by his wife, Marjorie D. Lawless; an automobile owned by Mrs. Hilda Irene Banks and operated by her son, Elvin R. Banks; and an automobile owned and operated by Joseph S. Harris. Preston L. Woods, minor son of Mrs. Rosemary L. Woods, was a guest passenger in the Lawless vehicle. Plaintiffs are Mr. and Mrs. Lawless and *80 Mrs. Woods, on behalf of her minor son. Defendants are Mrs. Banks, Mr. Banks, Mr. Harris, and Firemen’s Insurance Company of Newark, New Jersey, the Lawless’s uninsured motorist insurer. Mrs. Banks, Mr. Banks, and Mr. Harris reconvened against Mr. and Mrs. Lawless, and made Firemen’s Insurance Company a third party defendant. After trial on the merits, judgment was rendered dismissing their demands, and Mrs. Banks and Mr. Banks have appealed from the dismissal of their reconventional demand.
In this court, a motion to dismiss plaintiffs’ appeal has been filed by Firemen’s, alleging that plaintiffs’ appeal bond was not timely filed. The case was decided without being taken under advisement by the trial judge and judgment was signed on June 4, 1971. The appeal bond was filed on September 14, 1971. This is clearly beyond the delays provided in Articles 2087 and 1974 of the Code of Civil Procedure. Under those articles, the last day on which the bond might have been filed was September 7, 1971. We are therefore without jurisdiction, and the appeal by Mr. and Mrs. Lawless and Mrs. Woods must be dismissed, at their cost.
This leaves as the only matter for consideration that of the merits of the recon-ventional demand filed by Elvin R. Banks and Irene Hilda Banks against Mr. and Mrs. Lawless.
Before considering the merits of the case, we must consider the validity of an objection made on behalf of plaintiffs to the testimony of Mr. Banks, on the ground that he was not listed as a witness in the pre-trial order. The objection was based on Brown v. Hawkins, 244 So.2d 896 (La. App. 1 Cir. 1971), in which we sustained a trial judge who refused to permit a plaintiff to call a party defendant on cross examination, when he had failed to list him as a witness in the pre-trial order. In this case, plaintiff objected to a party defendant being called to testify on his own behalf on direct examination.
Since we do not have the pre-trial rules of the 19th Judicial District Court before us, we are unable to say what provisions are made for this situation. However, under Article 1551 of the Code of Civil Procedure, the trial judge has the discretion to modify a pre-trial order at the trial in order to prevent a manifest injustice. Even if the pre-trial rules applicable do forbid the calling of a party to testify on his own behalf if not listed as a witness in the pre-trial order, Article 1551 gives the trial judge discretion to permit the testimony if in the interest of justice. We find no abuse of that discretion in this instance.
According to Mr. Bank’s testimony, he entered the expressway at the Washington Street entrance, and was driving north in the extreme right hand lane. Pie was being followed by Mr. Harris, who was accompanying him to get something to eat. He saw Mrs. Lawless ahead of him in the next lane to the left. He testified that both cars were going about 45 to 50 miles per hour, and there were no vehicles between them. He testified that he passed no one while on the expressway. As he was preparing to exit at the Government Street ramp, he said Mrs. Lawless suddenly and without signal pulled to the right in front of him, and he was unable to avoid striking her. His version of the accident was substantiated by a guest passenger in his vehicle and by Mr. Harris.
Mrs. Lawless testified that she entered the expressway at Washington Street, and was driving north in the extreme right hand lane, at a speed of about 45 or 50 miles per hour, intending to exit at the Government Street exit. When she arrived there, she actuated her blinker signal to indicate that she was going to enter the ramp. As she did so, she heard a car approaching from the rear at high speed, and was then struck in the rear by the Banks vehicle.
Marie Yvonne Thomas, an independent witness, testified that she was behind Mrs. *81 Lawless in the right hand lane of the expressway, and saw her blinker light operating as she entered'the Government Street exit. At that moment, two cars passed her at a high rate of speed, which she estimated at 80 to 90 miles per hour. Both cars cut in front of her and entered the Government Street exit at the same time as Mrs. Lawless. The collision resulted with the Banks vehicle striking Mrs. Lawless, Harris striking Banks and then hitting Mrs. Lawless’s vehicle as he skidded down the expressway.
A second independent witness, a Mr. Harding, was the operator of a filling station at which Banks and Harris did some business. He testified that he was operating his wrecker on the expressway, in the right hand lane, having entered at Washington Street. He was 175 or 200 yards behind the vehicles involved in the collision. He said Mrs. Lawless pulled to the right without a signal, in front of the Banks vehicle, causing the accident.
The investigating officer fixed the point of impact between the Lawless and Banks vehicles at a point two to four feet into the outside lane, with the right front of the Banks car striking the right rear of the Lawless vehicle. None of the cars left any skid marks, although there were some scuff marks at the scene. He said Mrs. Lawless told him she was changing lanes when the accident happened.
The district judge, faced with the above mass of conflicting testimony, concluded that Mrs. Lawless was negligent for changing lanes improperly, but that both Banks and Harris were also negligent for operating their vehicles at an excessive rate of speed, following too close, and failing to keep a proper lookout.
After reviewing the record, and the oral reasons for judgment rendered by the trial judge, we note that his factual conclusions are based in part on his opinion as to the credibility of the witnesses, which he is in a better position to determine than are we. We find no manifest error in his findings of fact, and the legal conclusions drawn therefrom are correct.
The judgment appealed from is therefore affirmed, with costs of this appeal to be equally shared by the appellants.
Affirmed.