445 So.2d 137 (1984)
Carl SENEGAL, Plaintiff-Appellant,
v.
GEORGE THERIOT'S, INC., et al., Defendant-Appellee.
No. 83-383.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Rehearing Denied February 29, 1984.
Writ Denied April 13, 1984.
*138 Carl Senegal, in pro. per.
David R. Lestage, DeRidder, Raggio, Cappel, Chozen & Berniard, Chris M. Trahan, Lake Charles, for defendant-appellee.
Before FORET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal involves a claim for damages arising from a scuffle in Theriot's grocery store between a security guard for the store and plaintiff, Carl Senegal. During the scuffle, the security guard shot the plaintiff in the left leg.
Senegal brought a tort action against George Theriot's, Inc.; Benjamin Williams; United States Fidelity and Guaranty Insurance, the insurer of Theriot and Williams; Wayne McElveen, the Sheriff of Calcasieu Parish (Williams was an off-duty sheriff's deputy), and his insurers, North River Insurance and International Surplus Insurance. After a jury trial, verdict was rendered in favor of the various defendants and against the plaintiff, Carl Senegal.
Plaintiff has raised one issue on appeal[1]:
(1) Whether the jury erred in its conclusions regarding the facts surrounding appellant's shooting.
Carl Senegal made several trips to Theriot's grocery on July 5, 1980. It is clear that the first time Senegal entered the store he was asked to leave because he was not wearing a shirt as required by the store regulations. The store personnel decided not to make an issue of this and let him enter. Later in the day Senegal returned to the store wearing a sheet of newspaper with a hole in it for his head as a substitute for a shirt. The assistant manager, Carolyn A. Winstead, told Senegal to leave and not to return without wearing a shirt. Senegal left the grocery store and again returned wearing a sheet of newspaper for a shirt. The cashier attempted to handle the matter quietly by letting him get the item *139 he needed. The security guard for the grocery store, Benjamin Williams, came over to talk to Senegal to make Senegal aware of the store's shirt policy and asked him to leave the store. Senegal began arguing and pointed his finger at Carolyn A. Winstead, calling her a profane name, and verbally threatened her by saying that he would return to the store and would get her first. As Senegal left the store, Carolyn Winstead called the sheriff's office for assistance. A short while later Senegal returned to the store wearing a blue tank top shirt. Benjamin Williams met Senegal at the door. A brief conversation was held and suddenly a scuffle ensued. Carolyn A. Winstead saw Senegal's hand and William's hand on William's gun. The struggle continued until the pistol went off wounding Senegal in the left leg.
Plaintiff attempted to show that he was leaving the scene prior to the shooting or, at least, he was retreating. The defendants provided the testimony of plaintiff's treating physician and the scientific results of gunpowder residue tests administered to plaintiff just after the incident, which show the entry wound to be in the front of the leg.
Dr. William Akins treated Senegal in the emergency room after the shooting. It was Dr. Akins' opinion that plaintiff's leg wound was caused by a bullet entering the front of the thigh and existing on the backside of the thigh. Senegal introduced the medical records of the emergency room which contained a notation by Dr. Ray which indicated the entry wound to be in the back of the thigh and the exit wound to be in the front of the thigh. Dr. Ray was not Senegal's treating physician, but just received him in the emergency room.
The jury was presented with this evidence. It is well settled that where there is conflicting testimony, a reasonable evaluation of credibility made by the trier of facts should not be disturbed on appellate review unless manifestly erroneous. Zone v. Town of Bunkie, 407 So.2d 1351 (La.App. 3rd Cir.1981); Canter v. Koehring Company, 283 So.2d 716 (La.1973). Our review of the record fails to reveal any clear error in the factual findings evidently reached by the jury in this case. We will not disturb the jury's findings.
In a related issue Senegal complains for the first time on appeal that the evidence concerning the results of the gunpowder residue tests should have been withheld from the jury because the test themselves had been destroyed. The test results were testified to by experts from the state crime lab. Plaintiff's attorney cross-examined the expert and at no point objected to the introduction of the test results. Any complaint which plaintiff had concerning the test results was waived since he did not timely object to such testimony in the trial court. LSA-C.C.P. Art. 1635. To preserve a party's right to urge error on appeal, it is necessary to make formal objection to admissibility or competency of evidence sought to be introduced. Coleman v. Occidental Life Ins. Co. of N.C., 407 So.2d 6 (La.App. 3rd Cir.1981) reversed on other grounds, 418 So.2d 645 (La.1982).
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Plaintiff made 4 assignments of error. One error complained that the trial court failed to state the factual basis for its verdictthis is not a requirement of the Louisiana Code of Civil Procedure and therefore will not be addressed. The second assignment of error is a statement of fact by the appellant and does not present a legal issue for us to determine. The remaining assignments of error will be treated in one assignment as discussed above.