453 So.2d 615 (1984)
Mario E. CALDERON
v.
Otho C. JOHNSON.
No. 83 CA 0941.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*616 James A. Carnes, Baton Rouge, for plaintiff-appellant.
Nathan E. Wilson, Baton Rouge, for defendant-appellee.
*617 Before COVINGTON, C.J., COLE and SAVOIE, JJ.
SAVOIE, Judge.
Plaintiff, Mario E. Calderon, appeals the trial court's judgment denying his "Rule to Evict" defendant, Otho C. Johnson, for nonpayment of rent.
On June 2, 1981, plaintiff leased to defendant, under a written contract of lease, the premises located at 1335 Florida Street, in Baton Rouge, Louisiana. The term of the lease was for a period of 60 months, beginning on June 15, 1981, and ending on June 14, 1986. The rent was due and payable on the 15th of each month.
On May 17, 1983, plaintiff delivered to defendant a notice to vacate the premises for nonpayment of rent. Defendant refused to vacate the premises. Thereafter, on May 24th, plaintiff filed a "Rule to Evict," alleging the lease had been terminated. At the trial thereon, defendant asserted, as justification for nonpayment, that he was entitled, under paragraph 8 of the lease, to withhold rent as reimbursement for the cost of replacing the air conditioning and heating system.
Relying on C.C. arts. 2693 and 2694,[1] the trial court concluded that: the repair work performed by the defendant was a major repair and an obligation of the plaintiff; and, due to plaintiff's failure to make such repair, defendant was justified in withholding the rent. Accordingly, the trial court denied the "Rule to Evict." Plaintiff appeals this judgment, alleging five specifications of error. The first 3 specifications of error concern the trial court's finding that it is plaintiff's obligation to repair the air conditioning and heating system. These specifications of error will be treated together. The fourth specification of error addresses whether defendant met his burden of proof with respect to withholding the rent. The remaining specification of error pertains to the admissibility of defendant's exhibits into evidence.

SPECIFICATIONS OF ERROR NOS. 1, 2 AND 3
Plaintiff contends the trial court erred in finding that he is obligated to repair the air conditioning and heating system. He complains that the trial court, in reaching this conclusion, erroneously applied the Civil Code articles; ignored paragraph 7 and misinterpreted paragraph 8 of the lease; and, mistakenly reasoned that because the repair was a major one, it was plaintiff's obligation.
Although there is some merit to plaintiff's complaints, we agree with the trial court's conclusion that plaintiff is obligated for the replacement of the system and so hold for the following reasons.
La.C.C. art. 2669 defines lease as a synallagmatic contract in which the parties expressly enter into mutual engagements, each binding himself to the other. General Leasing Company v. Leda Towing Company, Inc., 286 So.2d 802 (La.App.4th Cir. 1973), application denied, 290 So.2d 334 (La. 1974). All things not forbidden by law may become the subject of or the motive for contracts. L.S.A.-C.C. art. 1764. When legally entered into, the contracts have the effect of law between the parties who have made them. L.S.A.-C.C. art. 1901.
The codal articles defining the rights and obligations of lessors and lessees are not prohibitory laws which are unalterable by contractual agreements. Those articles are simply intended to regulate the relationship between lessors and lessees when there is no contractual stipulation imposed by the lease. Tassin v. Slidell *618 Mini Storage, Inc., 396 So.2d 1261 (La.1981).
Paragraph 7 of the lease is entitled "MAINTENANCE AND REPAIRS" and sets forth plaintiff's and defendant's obligations with respect thereto. It contains the only reference to the air conditioning and heating system, and provides, in pertinent part:
"... The said premises and appurtenances, including ... heating and Air Conditioning... systems, ... are delivered in good order and Lessee is obligated to keep all of same in like good order during the term of this lease;" (Emphasis added).
Plaintiff argues that, by this clause, defendant assumed responsibility for all repairs to the air conditioning and heating system, including replacement thereof. Contrarily, defendant contends that his obligation of repair does not include the replacement of a system worn out because of age. Thus, this court is faced with determining the meaning of the phrase "to keep... in like good order."
In making this determination, we are aware that courts are bound to give legal effect to all written contracts according to the true intent of the parties. The intent of the parties is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences. L.S.A.-C.C. art. 1945. The words of the contract are to be understood in the common and usual signification, without attending so much to grammatical rules, as to general and popular use. L.S. A.-C.C. art. 1946.
We believe that the parties intended, and common sense dictates, that the phrase "to keep ... in like good order" be interpreted to mean "simple maintenance." "Simple maintenance" does not include the replacement of a system worn out because of age. Therefore, defendant did not obligate himself, under the lease terms, to replace the air conditioning and heating system. On the contrary, under paragraph 8 of the lease, this obligation belongs to plaintiff.
Paragraph 8 of the lease enunciates the procedure to be followed "In the event of other repairs (emergency excluded) required to be made by the Lessor." This language indicates that the parties contemplated there would be repairs, other than those provided for in paragraph 7, which would be the plaintiff's responsibility. We hold that replacement of the air conditioning and heating system is such a repair.

SPECIFICATION OF ERROR NO. 4
Plaintiff asserts that the trial court erred in finding defendant was justified in withholding the rent. The basis for this assertion is that defendant failed to meet his burden of proving that the repairs were indispensable and the price he paid was just and reasonable.
This burden of proof is that which is required when La.C.C. art. 2694 is the principle upon which lessee withholds the rent. In the instant case, paragraph 8 of the lease reads:
"In the event of other repairs (emergency excluded) required to be made by the Lessor, Lessee shall give the Lessor written notice of the need of such repairs, and if the Lessor has not commenced within THIRTY (30) days from the date of such written notice to correct such existing defects, or does not continue with due diligence to correct same until it is corrected in its entirety, Lessee may make such repairs or pay any such expenses. In the event of any emergency, Lessee may make any repairs or pay any expenses required to be paid by the Lessor. If Lessee makes any repairs set out in this numbered paragraph, it shall give the Lessor prompt notice thereof, and Lessor agrees to pay the Lessee the cost of such repairs on demand, and if not so paid, the Lessee may deduct the amount so expended by it from rent due or to become due." (Emphasis added).
This lease provision and our determination that the replacement of the air conditioning *619 and heating system falls within its terms precludes the application of La.C.C. art. 2694. See Tassin, supra.
Under this provision, defendant is entitled to withhold the rent once he sends written notification to plaintiff and plaintiff fails to correct same within 30 days thereof. The exhibits evidence that notice was mailed to plaintiff on January 20, 1983, at the address provided in the lease.[2] Although plaintiff failed to receive this notice, defendant complied with the terms of the lease by mailing it.[3] When plaintiff did not correct the defect within 30 days "from the date of the written notice," defendant was entitled to withhold the cost thereof from the rent.

SPECIFICATION OF ERROR NO. 5
Plaintiff argues that the trial court erred in admitting into evidence Exhibits D-1, D-2 and D-3 over his counsel's objection.
La.C.C.P. art. 1635 provides, in pertinent part:
"Formal exceptions to rulings or orders of the court are unnecessary. For all purposes it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefore ...."
In the absence of an objection, the complaining party must be deemed to have waived his right to complain of the alleged impropriety on appeal. The reason therefor is that in the absence of an objection, the trial court is afforded no opportunity to prevent or correct the alleged error. See Bertoli v. Flabiano, 116 So.2d 76 (La. App.1st Cir.1959).
The basis for plaintiff's appellate complaints as to the admissibility of D-1 and D-2 are not the same arguments as urged by counsel at the trial.[4] These objections constitute different and separate objections than those presented to and upon which the trial judge ruled. Thus, plaintiff's failure to raise these objections at trial results in his inability to raise them on appeal. See Bertoli, supra.
Plaintiff objects to the admissibility of D-3, the invoice for the replacement of the system, on the ground that the invoice itself was insufficient proof of payment to justify an award for the cost of the new system.
In this instance, there is an invoice giving a description of the work and the charge therefor. The invoice contains a statement that the signee agrees to pay the account in full. Defendant's signature is found under this statement. Further, defendant identified this as the bill he received and testified he paid the amount thereon. In the absence of evidence to the contrary, this documentation and testimony *620 is sufficient to prove that defendant paid the bill.
Lastly, plaintiff takes exception to the fact that all of these exhibits are copies and not originals.
The best evidence rule requires that the originals must be produced, absent proof that they could not be located following a diligent effort. Wray Williams Display Company of Louisiana v. Finley, 391 So.2d 1253 (La.App.1st Cir.1980), writ denied, 396 So.2d 930 (La.1981).
In response to the above objection, defense counsel stated: "We can't have the originals. I sent the originals to the (unintelligible)." Thereafter, the trial court ruled that the objection would go to the weight of the evidence, not its admissibility. It is evident from this ruling that the trial court was satisfied that the originals could not be produced even with diligent effort. Since plaintiff furnishes us with no proof to the contrary, we find no error in the trial court's ruling. All exhibits were properly admitted.
For the foregoing reasons, the judgment of the trial court is affirmed. Plaintiff is to pay all costs.
AFFIRMED.
NOTES
[1] L.S.A.-C.C. art. 2693 provides:

"The lessor is bound to deliver the thing in good condition, and free from any repairs. He ought to make, during the continuance of the lease, all the repairs which may accidentally become necessary; except those which the tenant is bound to make, as hereafter directed."
L.S.A.-C.C. art. 2694 reads:
"If the lessor do not make the necessary repairs in the manner required in the preceding article, the lessee may call on him to make them. If he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he paid was just and reasonable."
[2] Paragraph 13 of the lease reads:

"13. NOTICES. All notices or demands of any kind arising under this lease shall be served by mailing of such notice or demand to the respective parties as follows:

a. Mario E. Calderon b. Otho C. Johnson
5541 Riverstone Drive 1335 Florida St.
Baton Rouge, La. 70808 Baton Rouge, La. 70802"

[3] Defendant introduced into evidence a copy of the envelope in which the certified letter was mailed. It is stamped "Return to Sender, Unclaimed." Plaintiff also testified that he did not receive this letter. However, paragraph 13 of the lease states that the notices shall be served by mailing same to the respective party. See footnote 2.
[4] D-1 is a copy of the envelope which contained the written notice of repairs that was mailed to plaintiff. At trial, the objection of plaintiff's counsel to its admissibility was the lack of testimony linking the envelope to the letter notifying plaintiff of the air conditioning and heating problem. On appeal, counsel contends that the envelope is inadmissible because it has no probative value in itself and there is no testimony establishing that the letter was ever received.

D-2 is an invoice. At trial, counsel objected to its admissibility on the basis that defendant had testified contrary to the document and had failed to lay a proper foundation. On appeal, counsel complains that the invoice is inadmissible because it does not qualify as a statement/appraisal of the condition of the air conditioning and heating system, and it lacks a signature.