COLE, Judge.
The primary issue presented in this appeal is whether or not defendants-appellants can now raise objections to the admissibility of a judgment imposing fact sanctions as an item of evidence offered by plaintiff-appellee, considering that these objections were not timely made; and, secondarily, whether the facts sanctioned are within the scope of the discretion afforded the trial court by La.Code Civ.P. art. 1471.
On January 12, 1976, plaintiff, Nugier Theriot, was viciously assaulted by a group of men. His assailants were unknown to him at that time. This assault apparently stemmed from a labor dispute. During the assault, plaintiff was struck on the head with a heavy metal object, causing serious head injuries.
On March 12, 1976, plaintiff filed suit for personal injuries naming Larry D. Willis, Gene Ashworth and Pipeline Construction Workers Local No. 692 (Local No. 692) as defendants. Plaintiff filed an amending petition on August 4, 1977 naming Jimmy Odom and Rayburn Doyle as additional defendants. Plaintiff alleged the individual defendants were the men who assaulted him and their actions were ratified by Local No. 692, of which they were members. Additionally, an intervention was filed in this matter by Employers Mutual Liability Insurance Company, the workmen's compensation carrier of plaintiff’s employer, seeking reimbursement for benefits and medical expenses paid by it to Theriot.
Theriot’s suit was consolidated with several other personal injury suits which arose from the same incident. Trial of this consolidated matter was held on April 30, 1984. At trial plaintiffs offered as evidence a certified copy of a judgment rendered December 9, 1981 in the same proceeding by the judge to whom this matter had originally been assigned. Trial was held before a different judge. The judgment of December 9, 1981 imposed discovery sanctions which accepted as being established certain facts, crucial to a finding of liability, for the purpose of plaintiffs’ actions.
At the time the aforesaid judgment was offered as evidence by plaintiffs, counsel for Local No. 692 raised two objections. The first objection was that the judgment was inconsistent with views expressed by the ruling judge in a letter written by him concerning this matter. This letter was dated after the issuance of the written reasons for judgment, but prior to the signing of the judgment imposing sanctions. The trial court overruled this objection. The second objection raised by the attorney for Local No. 692 was that it was never officially served with a copy of the judgment in question. The trial court also overruled this objection. Local No. 692 did not raise the objection that the facts accepted *683 as established in the judgment exceeded the scope of plaintiffs discovery pleadings. Counsel for the individual defendants raised no objection whatsoever to the admission of the judgment into evidence.
At the conclusion of trial the court rendered judgment in favor of plaintiff, Nugier Theriot, and against the defendants, in solido, in the amount of $75,000, together with legal interest thereon until paid, and for all costs of court. Defendants were ordered to pay all costs. The court also awarded judgment in favor of the inter-venor granting it preference to recover out of the sum awarded to Theriot $15,373.59 for workmen’s compensation benefits and $8,446.61 for medical expenses previously paid by it. Defendants have appealed the judgment in favor of Theriot.[1]
The following facts were among those accepted as established in the December 9, 1981 judgment imposing discovery sanctions:
“Before, on, and since January 12, 1976 Gene Ashworth, Larry Dewayne Willis, Jimmy Odom and Rayburn Doyle were and continued to be members of Pipeline Construction Workers Local 692.
These four individuals [Gene Ash-worth, Larry Dewayne Willis, Jimmy Odom and Rayburn Doyle] are now and were on January 12, 1976 servant employees of Pipeline Construction Workers Local No. 692, who were acting in the course and scope of employment, and were acting for and on behalf of the defendant labor association.
Defendant labor association did become aware of the events which took place on January 12, 1976, to-wit: the assault and battery upon plaintiffs committed by Gene Ashworth, Larry Dewayne Willis, Jimmy Odom and Rayburn Doyle and unknown others acting with them for defendant labor association and did thereafter, knowingly and voluntarily ratify these acts of the individual defendants.”
This judgment was the only evidence offered to establish the identity of the parties who assaulted Theriot afid their relationship to Local No. 692. Accordingly, this item of evidence is crucial to the imposition of liability upon defendants, since there is no other evidence establishing they are the parties responsible for Theriot’s injuries.
Local No. 692 now argues the court erred in relying on the judgment imposing sanctions because the facts this judgment accepted as established go far beyond the scope of the interrogatories propounded by plaintiffs. However, even conceding for the sake of argument the facts accepted by the trial court exceeded the scope of plaintiff’s interrogatories, we conclude the imposition of this sanction was permissible and proper under the particular circumstances present in this case and, due to these circumstances, comport with the broad discretion afforded the trial court by La.Code Civ.P. art 1471.
A review of the facts reveals a gross abuse of the discovery process by Local No. 692, resulting in lengthy delays in the progress of these proceedings. Local No. 692 was formally served with plaintiff’s interrogatories on October 18, 1977. At no time did Local No. 692 object to any of the interrogatories or file a motion for a protective order. Nevertheless, Local No. 692 failed to answer the propounded interrogatories. In fact, Local 692 offered no opposition and failed to even appear at the hearing held on November 18, 1977 on plaintiffs’ motion to compel answers to its interrogatories. This motion was granted and Local No. 692 was ordered to answer plaintiffs’ interrogatories within seven days. Even after its request for an additional fifteen days to answer was denied, Local No. 692 flagrantly disobeyed the court’s order and failed to submit answers to plaintiffs’ interrogatories.
Over a year later, during which time Local No. 692 still had not complied with the court’s order, plaintiffs filed a motion to impose discovery sanctions. Plaintiffs’ *684 motion expressly set forth the sanctions they sought, which essentially are the same facts established by the judgment of December 9, 1981, and which were described in the motion as the answers sought by the interrogatories. This motion, which was filed in the due course of the discovery process and designated the specific facts plaintiffs sought to establish through discovery, had the effect of enlarging the scope of plaintiffs original interrogatories. It clearly put Local No. 692 on notice as to the specific sanctions sought by plaintiffs.
On January 5, 1979, a hearing was held on plaintiffs’ motion to impose sanctions. This matter was held in abeyance upon the trial court receiving assurance from Local No. 692’s counsel that the interrogatories would be answered within seven days. Although answers were filed on January 15, 1979, the answers submitted were deficient and incomplete. Local No. 692 attempted to justify its failure to answer the interrogatories completely by: 1) claiming it was necessary to obtain permission from the International Union, 2) raising the defenses of overbreadth and invasion of privacy and, 3) requesting additional time in which to answer.
The trial court found that since Local No. 692 failed to raise any opposition to the interrogatories at the hearing on the motion to compel answers, it could not raise these objections at this later stage of the proceedings. Otherwise, the court reasoned, the discovery process could be prolonged indefinitely. Further, Local No. 692 made no timely objection to the designated sanctions sought by plaintiffs. Accordingly, on April 18, 1979, the court rendered judgment imposing the sanctions designated by plaintiffs in their motion.
We agree with the trial court’s conclusion that the failure of Local No. 692 to object to plaintiffs’ interrogatories and to timely object to the designated sanctions, or to seek a protective order, constituted a waiver of any right it may otherwise have had to restrict the scope of plaintiffs’ discovery. We also conclude the trial court had the discretion under La.Code Civ.P. art. 1471 to impose the sanctions in question.
La.Code Civ.P. art. 1471 provides, in pertinent part, as follows:
“If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
(1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.” [2] (Emphasis added.)
Under this provision, the trial court has broad authority and discretion to impose any sanctions which are just, including the imposition of any designated facts. The sanctions imposed were just under the circumstances present, particularly Local No. 692’s egregious failure to obey the court’s orders and the fact it was put on specific notice as to the facts plaintiffs sought to establish through discovery. As concluded by the trial court:
“To find otherwise would be absolutely contrary to judicial efficiency and would allow discovery proceedings to carry on indefinitely.”
For the above reasons, we reject Local No. 692’s argument that the sanctions imposed by the trial court were improper.
Further, we also reject the argument of the individual defendants that the court erred in considering the December 9, *685 1981 judgment as evidence, as regards their individual liability, since the plaintiffs’ interrogatories were not directed to nor served upon them. Thus, they argue discovery sanctions could not properly be imposed upon them for the failure to adequately answer these interrogatories.
We reject these arguments in view of the fact the individual defendants did not raise the objection they now urge at the time the judgment in question was offered as evidence. At that time they had an opportunity to raise any objections they may have had as to this item of evidence, but failed to do so. Accordingly, they have waived their right to raise these objections on appeal. Calderon v. Johnson, 453 So.2d 615 (La.App. 1st Cir.1984); Oh v. Allstate Ins. Co., 428 So.2d 1078 (La.App. 1st Cir.1983). Since this particular objection was not presented to or ruled upon by the trial court, it can not now be considered for the first time on appeal. Calderon v. Johnson, supra.
For these reasons, the judgment of the trial court is affirmed. Defendants-appellants are to pay all costs of appeal.
AFFIRMED.

. Although judgment was also rendered in favor of the other plaintiffs, the only judgment before us in this appeal is the judgment in favor of Theriot.

. Plaintiffs petition and amending petition (claim) alleges the individual defendants were "representing and acting as agents of and for defendant, PIPELINE CONSTRUCTION WORKERS LOCAL NO. 692," and when "acting as agents for, and on behalf of and representing defendant, PIPELINE CONSTRUCTION WORKERS LOCAL NO. 692 did willfully and intentionally do or cause to be done all acts proximately causing and/or contributing to the injuries and damage complained of by plaintiff herein and therefore defendants are legally responsible for such injuries and damage.”