546 So.2d 332 (1989)
Elton DEVILLE, Plaintiff-Appellant,
v.
Dr. E.S. FIELDS and Dr. C.C. Matirne, et al., Defendants-Appellees.
No. 88-301.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1989.
Elton Deville, Crowley, in pro. per.
Brad G. Theard, New Orleans, for defendants-appellees.
Before STOKER, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
Appellant, Elton Deville, appeals the dismissal of his lawsuit against appellees, Dr. Eugene S. Fields and Dr. Charles C. Matirne, for slander and defamation.
Drs. Fields and Matirne are general surgeons in Crowley. They share office space and personnel. On December 28, 1982, appellant visited Dr. Fields to secure medical treatment. Dr. Fields examined appellant and referred him to another physician. Subsequently, appellant received a bill from Dr. Fields for $25. The bill went unpaid.
On Friday, May 6, 1983, appellant had an appointment to see Dr. Fields. When appellant arrived at Dr. Fields' office he was informed by Elizabeth Robinson, Drs. Fields and Matirne's receptionist, that Dr. Fields refused to see him as a patient on a non-emergency basis until his outstanding account of $25 was paid. Appellant then made an appointment to see Dr. Matirne. On Monday, May 9, 1983, Dr. Matirne was advised of appellant's outstanding account with Dr. Fields, thus, Dr. Matirne refused to see appellant on a non-emergency basis. Ms. Robinson then called appellant, at the telephone number supplied by him, and informed the person answering the phone that Dr. Matirne would not see appellant because of his outstanding account with Dr. Fields. Ms. Robinson assumed the person answering the phone was appellant's wife.
On May 9, 1983, appellant forwarded a $25 check to Drs. Fields and Matirne in payment of his outstanding account. The check was never negotiated. Appellant also demanded an apology.
*333 On May 16, 1983, appellant filed suit against Drs. Fields and Matirne for $130,000 for public slander and defamation. The case proceeded to trial on May 27, 1987, and at the close of appellant's case, defendants moved for a directed verdict. The trial judge sustained the motion and dismissed appellant's suit for failure to sustain his burden of proof in a defamation suit. This appeal followed.
The learned trial judge dismissed appellant's suit, with oral reasons, that we incorporate herein with approval:
"... the gravamen of this claim filed by plaintiff against the defendants is one of slander or defamation.
... there are certain requirements that must be met or adhered to in order for a case of liabel [sic] or defamation to be proven.
To begin with, it is the law that a plaintiff bears the burden of proving his case by a preponderance of the evidence.... To prove your case against these defendants, you must prove that there was a publication, such as a publication to a third party.
When we analyze the actual, factual transactions involved in the basis from which this suit was derived, ... The Court finds the following to be established by the evidence as of this point: That Mr. Deville goes to Dr. Fields' office to secure treatment for a condition that he believes he needs medical treatment for. He is advised that Dr. Fields will not treat him until the outstanding balance has been taken care of or has been adjusted.
Dr. Fields' testimony was that this bill was derived, I believe, from December, and that it had not been paid but it had been forgiven, in the sense that Dr. Fields told his personnel that, `I'll write it off and you just show him as a zero balance, but I won't see him.'
Now, Dr. Matirne is also in the same office complex with Dr. Fields. Mr. Deville, when he could not see Dr. Fields, indicated a desire to see Dr. Matirne. Office personnel in Dr. Matirne's office indicated that there was a dispute or a nonagreement about the state of Mr. Deville's bill with Dr. Fields, and indicated that he would not see Mr. Deville until the matter was adjusted between himself and Dr. Fields, a matter which is, as I understood the evidence, a long-standing matter of office procedure.
Now, the office personnel explained to Mr. Deville why he would not be seen. Her testimony, as I understood it, was that this information was told to Mr. Deville in regular procedure of their office and that there was no one nearby when the question of the unpaid bill or the bill in dispute, or the language of defamation or slander, published.
There was also the questionAnd I find her credible, and I believe her testimony as to that point. There was also the question of the telephone call that must be considered as a possible publication of the issue.
Mr. Deville had left a number with the office personnel and had requested that he be advised by them as to whether he would be seen. When the office personnel asked the doctor and was told that he would not see Mr. Deville, in accordance with the instructions of Mr. Deville, she called the number given to her and left the message.
Now, we therefore, in a defamation or slander sense, there are two (2) possible areas of publication. One, in the office. The Court finds that the evidence does not reflect that the matter was published in the sense that it is required in the slander or liabel [sic] for third person. As to the telephone call, the Court finds that the office personnel was proceeding as requested by Mr. Deville, and in so doing, was not again in a slander or defamation sense, publishing, or anything so as to qualify as a slander or defamation, even if the other factors are present.
The next element in a slander or defamation element is one of falsity. We have the testimony of Dr. Fields, which has been uncontradicted by any evidence. Now, I recognize that there had been arguments with respect to the affidavit, but when we get down to the hard evidence, *334 Dr. Fields said in effect that he owed this and I forgave him. I took it off the books, on the grounds that he not come back.
The plaintiff himself did not testify. He did not say, `I came back.' There is no evidence to indicate, no affirmative evidence to indicate that this statement, made by Dr. Fields, was incorrect. The falsity of the bill, therefore, has not been proven. Quite to the contrary.
However, even pretermitting that, and even if it was a publication, what was divulged to Mr. Deville was the truth. They will not see you because this bill has not been adjusted. Telephone call in response to the instructions left by Mr. Deville saying, `The doctor will not see you until the bill is adjusted.' Nothing false about these statements, even if they could be considered as having been published.
Malice is the next element necessary for a defamation or for a slander. Malice must be proven. There is no proof in this of malice. What we have here, Dr. Fields, saying, `I'm forgiving the bill but I do not wish to see him again.'
As to Dr. Matirne, who is advised that there has been a problem as to the bill adjustment between Dr. Fields and Mr. Deville, follows a long established office practice and says, `I won't see him until that bill is adjusted.' His explanation for that procedure appears to be reasonable.
Now, injury is also required. The claimant has not proven any injuries which he has suffered by the alleged publication of the allegedly false statement. And I emphasize again that the plaintiff did not testify himself. The plaintiff did not call the one on the other end of the phone to testify. The plaintiff did not put on any evidence whatsoever which would indicate in what way he was damaged by this thing.
For that reason, with respect to the requirement for trying that the elements of defamation, publication, falsity, malice and injury have not been proven, and accordingly, I will grant your motion for directed verdict."
It is fundamental law that plaintiff bears the burden of proving his case. On the record before us we cannot say the trial judge committed manifest error in dismissing appellant's demand on the basis that he had not sustained his burden of proof in a defamation claim. Derouen v. State Farm Mut. Auto. Ins. Co., 445 So.2d 139 (La.App. 3rd Cir.1984).
Appellant represented himself. He filed all his pleadings in proper person and represented himself at trial. On appeal he filed his brief in proper person. He did not file any assignments of error. In brief he states: "I persue [sic] this appeal on the grounds that I did not get a fair trial, Bias [sic] and prejudice." We have carefully reviewed the record and find appellant's allegation of "not get a fair trial, Bias [sic] and prejudice" unfounded. The record is void of any evidence to support a claim in slander and defamation.
In his brief appellant presents other arguments that he did not object to during trial.
Under LSA-C.C.P. Art. 1635, in the absence of an objection, the complaining party must be deemed to have waived his right to complain of the alleged impropriety on appeal. Schoonmaker v. Capital Towing Co., 512 So.2d 480 (La.App. 1st Cir. 1987), writ denied, 514 So.2d 458 (La.1987). In the absence of objection the trial court is afforded no opportunity to prevent or correct the alleged error. Bertoli v. Flabiano, 116 So.2d 76 (La.App. 1st Cir.1959). After a careful review of the trial court record, we find appellant failed to make formal objections to the rulings of the trial judge, thus he waived his right to urge these objections as error on appeal. Senegal v. George Theriot's, Inc., 445 So.2d 137 (La.App. 3rd Cir.1984), writ denied, 448 So.2d 114 (La.1984). Accordingly, we will not address these assignments of error because they are not properly before us.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Elton Deville.
AFFIRMED.