578 So.2d 1174 (1991)
Jacqueline R. Bordelon, Wife of/and James BORDELON
v.
Orie K. DRAKE, Timber Products Inspection, Inc. and Wausau Insurance Company.
No. 90-CA-776.
Court of Appeal of Louisiana, Fifth Circuit.
April 17, 1991.
*1175 Terry A. Bell, Appeal Counsel, Belle Chasse, for plaintiff-appellant, Jacqueline and James Bordelon.
Elizabeth Clinton, New Orleans, for intervenor-appellant, Nat. Union Fire Ins. Co.
Raymond P. Augustin, Jr., Metairie, for defendants-appellees.
Before BOWES, DUFRESNE and WICKER, JJ.
BOWES, Judge.
Plaintiff, Jacqueline R. Bordelon (hereinafter Bordelon), and intervenor, National Union Fire Insurance Company (hereinafter National Union), insurer of Bordelon, appeal a judgment of the district court dismissing the suit against defendants, Orie K. Drake (hereinafter Drake), Timber Products Inspection, Inc. and Wausau Insurance Company. We affirm.

FACTS & BACKGROUND
The accident which is the subject of the present matter occurred on July 1, 1985, on or near the upgrade of the Oaklawn overpass in Metairie, some distance after the merging of Interstate 10 and Interstate 610. The vehicle driven by plaintiff was hit in the right rear by a truck driven by Drake. Bordelon's automobile then spun around and was hit again, in the left front, by Drake's truck. Bordelon filed suit against the defendants in June, 1989. Trial was continued three times, finally commencing on March 20, 1990. Following trial on the merits, the court took the matter under advisement and, on May 25, 1990, rendered judgment in favor of the defendants. Plaintiff and intervenor appeal.
In its reasons for judgment, the court found that the plaintiff, Mrs. Bordelon, was "not a very credible witness." Neither was the Court favorably impressed with the testimony of the state trooper who investigated the accident, the Court commenting:
"... who had no independent knowledge of the accident. It was apparent that the state trooper based his conclusions on the assumption that the Bordelon vehicle and the Drake vehicle were in the same lane of travel. The Court believes *1176 this assumption to be erroneous."
[Emphasis supplied]
The Court concluded that the sole and proximate cause of the accident was the failure of the plaintiff to keep her automobile under proper control. He based his conclusions on the testimony of Drake and an independent witness, Albert Kauffman. Kauffman's testimony was admitted into evidence via introduction of his deposition by the defendant. The Court found that Kauffman's vehicle, a 75,000 pound rig positioning the witness 8 1/2 feet above the ground in an excellent position to observe, was behind the Bordelon vehicle in the right center lane and:
"The truck driver [Kauffman] testified that the car driven by plaintiff was overtaking another vehicle, a vehicle which totally was not involved in the accident.
He testified that she came so close to the vehcile [sic] in front of her that he had to jam on his brakes. He testified that she missed hitting this car by inches.
After plaintiff made this passing maneuver her car made a slight jar to the right and then a severe right turn sending the rear end of her car into the next lane to her left, which was the lane the Drake vehicle occuppied [sic].
When the rear of the car went into the other lane it met the front end of Mr. Drake's car.
Plaintiff's car then went back to the right, in a broad side-slide; then to the left, across her lane making a U-turn back into the left lane again.
Bordelon's vehicle then faced Drake's vehicle when it collided again, and this collision knocked her back straight into her original lane. Finally, positioning her broadside across two lanes within a few feet of the truck."
The Court continued:
"Drake testified that the Bordelon vehicle was in front of the truck and that she started skidding and came into his lane of traffic.
Defendant testified that he was never in the same lane of traffic as plaintiff.
Defendant testified that he hit his brakes immediately upon seeing plaintiff go out of control.
The Court further believes that the testimony of Drake and Kauffman is consistent with the damage that occurred to the Bordelon vehicle."

ASSIGNMENTS OF ERROR
On appeal, plaintiff urges, as assignments of error, that the trial court erred:
I. In admitting the deposition of Kauffman;
II. In failing to allow the rebuttal testimony of plaintiff's expert witness;
III. In its credibility determinations.

ANALYSIS

I. Admission of Deposition
Following the continuation of trial on October 5, 1989, when Kauffman was present in court to testify, his deposition was taken by the defendants. Counsel for Bordelon was present at the deposition; counsel for the intervenors was not present. At the taking of the deposition, Drake's attorney stated on the record that the deposition was being taken for perpetuation; counsel for plaintiff stated, that while he agreed to the deposition being taken without notice, it was "not noticed for perpetuation. I reserve my rights in connection with the deposition." There was no written notice of deposition. Plaintiff and intervenor contend that admission of the deposition was error, since a written notice was never served on the parties and intervenor was not present nor aware of the deposition; and because there was no basis for such admission under LSA-C.C.P. art. 1450(3)(a) and Louisiana Code of Evidence art. 804.
LSA-C.C.P. art. 1450 states in pertinent part:
"Use of depositions
A. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the Louisiana Code of Evidence applied as though the witnesses were then present and testifying, may be *1177 used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
. . . . .
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
(a) That the witness is unavailable;
(b) That the witness resides at a distance greater than one hundred miles from the place of trial or hearing or is out of the state, unless it appears that the absence of the witness was procured by the party offering the deposition; or
(c) Upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."
LSA-C.C.P. art. 1438 requires a party taking a deposition to give reasonable notice in writing to every other party to the action. C.C.P. art. 1453 states:
"All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice."
Unlike Hollier v. Galtier, 430 So.2d 376 (La.App. 3 Cir.1983) and Highstreet v. Regency Apartment Hotel, 337 So.2d 536 (La.App. 4 Cir.1976), app. den. 340 So.2d 994 (La.1977), quoted by appellants, counsel for plaintiff was present at the deposition and cross-examined the witness, even though there was no written notice. The issue of notice is moot in regard to the objection of plaintiff's counsel.
Furthermore, the deposition was introduced into evidence at the trial without objection from plaintiff or intervenors. Prior to the calling of witnesses, counsel for all parties discussed certain stipulations and exhibits which were being offered, or would be offered, at trial. The following exchange is pertinent:
"MR. AUGUSTIN: [counsel for defendants]
At this time we are not going to admit it as an exhibit but just let the Court know that we took the deposition of Albert Kaughman [sic], who is a witness to this accident. In the beginning of the defendant's case in chief we would offer that into evidence. I would assume that Your Honor would review that.
THE COURT:
I will review that when I take it under advisement.
MR. BELL: [counsel for Bordelon]
I would have no objection to that."
At the beginning of the defense case, counsel did, in fact, offer the deposition into evidence. The trial court accepted it following discussion on the renumbering of exhibits. Neither the attorney for intervenors nor plaintiff voiced any objection whatsoever to the introduction of the deposition, either as to lack of notice, or the lack of an articulated basis for admission under LSA-C.C.P. art. 1450(3).
In Deville v. Fields, 546 So.2d 332 (La. App. 3 Cir.1989), the Third Circuit discussed the effect of failure to object at trial:
"Under LSA-C.C.P. Art. 1635, in the absence of an objection, the complaining party must be deemed to have waived his right to complain of the alleged impropriety on appeal. Schoonmaker v. Capital Towing Co., 512 So.2d 480 (La.App. 1st Cir.1987), writ denied, 514 So.2d 458 (La.1987). In the absence of objection the trial court is afforded no opportunity to prevent or correct the alleged error. Bertoli v. Flabiano, 116 So.2d 76 (La. App. 1st Cir.1959). After a careful review of the trial court record, we find appellant failed to make formal objections to the rulings of the trial judge, thus he waived his right to urge these objections as error on appeal. Senegal v. George Theriot's, Inc., 445 So.2d 137 (La. App. 3rd Cir.1984), writ denied, 448 So.2d 114 (La.1984). Accordingly, we will not address these assignments of error because they are not properly before us."
See also Calderon v. Johnson, 453 So.2d 615 (La.App. 1 Cir.1984); Quinn v. State, *1178 Through Dept. of Highways, 464 So.2d 357 (La.App. 3 Cir.1985).[1] writ den. 467 So.2d 1134 and 1136 (La.1985).
We hold that the failure to object to the admission of the deposition as evidence at the trial waived any objection that either plaintiff or intervenor may now have, as appellants, to this deposition and, accordingly, this assignment of error is without merit.

II. Rebuttal Witness
LSA-C.C.P. art. 1631(A) states:
"A. The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done."
LSA-C.C.P. art. 1632 states that rebuttal evidence of the plaintiff follows the defendant's case, but the order of presentation of evidence may be varied by the court when the circumstances so justify.
As stated in White v. McCoy, 552 So.2d 649 (La.App. 2 Cir.1989):
"Finally, the trial court has great discretion in controlling the conduct of trial and the presentation of evidence. LSA-C.C.P. arts. 1631, 1632. This includes the power to admit (or refuse to admit) rebuttal evidence. CNG Producing Co. v. Sooner Pipe & Supply [483 So.2d 1215 (La.App. 4 Cir.1986) ] supra; Lea v. Baumann Surgical Supplies, Inc., 321 So.2d 844 (La.App. 1st Cir.1975), writ denied 325 So.2d 279 (La.1976)."
See also Combs v. Hartford Ins. Co., 544 So.2d 583 (La.App. 1 Cir.1989), writ den. 550 So.2d 630 (La.1989); CNG Producing Co. v. Sooner Pipe & Supply, 483 So.2d 1215 (La.App. 4 Cir.1986), writ den. 488 So.2d 692 (La.1986).
Rebuttal evidence is confined to new matters adduced by defense and not to repetition of plaintiff's theory of the case. CNG Producing Co., supra; White, supra. As did the court in White, we find that the witness sought to be introduced should have been advanced in the plaintiff's case in chief. The witness, Ross Mocklin, was added to the witness list five days before the trial, and had not been listed previously, although the trial had been continued more than once. Mr. Mocklin was to testify as an accident reconstruction expert, as plaintiff contends, to give a "more logical explanation" of the accident than had been given by the defendant and his witness. At her case in chief, plaintiff, and Officer Escoto, who investigated the accident, testified that plaintiff was (or in the case of Officer Escoto, was informed that she was), in the same lane of traffic as was Drake. Defendant and Albert Kauffman were the only witnesses for defendant, and they testified that Mrs. Bordelon was not in the same lane of traffic as defendant prior to the accident. Therefore, there was no "new matter" to be elicited by the defense to justify the admission of this particular witness. His testimony was to be simply corroborative, even though given by an "expert" and should have been presented, or attempted to be presented, during plaintiff's case in chief.
In Gilcrease v. Gilcrease, 438 So.2d 658 (La.App. 2 Cir.1983), writ den. 442 So.2d 461 (La.1983), the court found as follows:
"The theory inherent in pre-trial procedure is to avoid surprise and to allow orderly disposition of the case. The pre-trial order, or as in this case the pre-trial agreement, controls the subsequent course of the action but can be modified at trial to prevent substantial injustice. La.C.C.P. art. 1551; Austrum v. City of Baton Rouge, 282 So.2d 434 (La.1973).
While we recognize that in such matters, the trial court is vested with discretion [Naylor v. La. Department of Public *1179 Highways, 423 So.2d 674 (La.App. 1st Cir.1982); Lawless v. Employers Mutual Fire Insurance Co., 263 So.2d 79 (La. App. 1st Cir.1972)], that discretion is necessarily controlled by the principle that it must be exercised to prevent substantial injustice to the parties who have relied on the pre-trial rulings or agreements and structured the preparation and presentation of their cases accordingly."
At trial, defendant timely objected to the admission of Mocklin's testimony on the basis of surprise. Considering the nature of the proposed testimony and the trial judge's strongly-worded reasons for judgment, we seriously doubt that its admission would have affected the outcome of the case. Thus, we can discern no injustice resulting from the refusal of the trial court to admit this evidence, and, therefore, no abuse of discretion. Therefore, this assignment of error is without merit.

III. Credibility
It is surely axiomatic that the trial court is vested with great discretion in determining the credibility of witnesses, as emphasized by our Supreme Court in Canter v. Koehring, 283 So.2d 716 (La.1973). More recently, in Rosell v. ESCO, 549 So.2d 840 (La.1989), our Supreme Court expounded on that principle once again:
"When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.... Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination.... But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong." (at page 844, 845, citations omitted)
Nevertheless, we shall briefly review the evidence for a determination of possible manifest error or abuse of discretion by the trial court.
Officer Escoto, as the trial judge found, had no independent recollection of the accident, but based his testimony on the report filed by him. He spoke to both drivers and to Mr. Kauffman at the time he investigated the accidenthowever, he made no notes as to the statements given by Kauffman. He stated that if any statement made by Kauffman had contradicted the plaintiff's statement, that she and the defendant had been in the same lane of traffic prior to the accident, he would have noted it. He concluded that the accident was caused by the defendant following too closely.
Mrs. Bordelon testified that she was in the left center lane when she suddenly braked, seeing a traffic jam ahead of her in all the lanes. She was on the crest of the overpass when this happened, and had come to a complete stop when defendant hit her in the rear. Later, she stated that she was going "slower than fifty-five" at the time of the collision. She also stated that she was hit as soon as she put on her brakes. She stated that, following the accident, her auto was "crossways" in the same lane she had been travelling in, and that right behind her was a big truck (Mr. Kauffman's vehicle), not Drake's automobile.
Mr. Drake testified that he saw the Bordelon vehicle in the right center lane behind a truck, and that the automobile (Mrs. Bordelon's car) applied its brakes for no apparent reason and swerved into his lane. After the initial collision to the rear of the Bordelon car, she swerved around and a second collision occurred to the left front. He was never behind her in the same lane of traffic until the impact.
*1180 Plaintiff's attempts to discredit Drake's testimony with a prior "inconsistent" statement must fall here. The quoted deposition testimony is less articulate than the trial testimony, but is not contradictory. The testimony of Mrs. Bordelon contains several inconsistencies, not the least of which is that while she insists she was in the left center lane of traffic, she also testified that she remained in her lane, even following the accident and that directly behind her after the collision was the large (Kauffman) truck. There is no dispute that Kauffman was (and had been) in the right center lane.
From the above review, we find no abuse of discretion and no manifest error regarding the determination of credibility made by the astute trial judge.
With regard to the consideration by the trial court of Mr. Kauffman's deposition testimony, we are obliged to consider another standard of review. When the trial court relies on depositions, the rules of review cited in Canter, supra, and Rosell, supra, do not apply because the trial judge is unable to observe the demeanor of the witnesses and is in no better position to assess credibility than the appellate court. In such cases, the appellate court must determine the sufficiency and preponderance of the evidence. Wells v. Allstate Ins. Co., 510 So.2d 763 (La.App. 1 Cir.1987). Sufficiency of the evidence is not assigned as error by the plaintiff and requires no further consideration here.[2] Accordingly, this assignment of error is without merit.
For the foregoing reasons, the judgment appealed from is affirmed. Appellants are cast for all costs of this appeal.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 1635, cited in Deville, states as follows:

Exceptions unnecessary
Formal exceptions to rulings or orders of the court are unnecessary. For all purposes it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him.
[2] We note, however, that Kauffman's deposition fully suggests the version of events as given by defendant Drake.