897 So.2d 72 (2004)
M.G. MAYER YACHT SERVICES, INC.
v.
Robert RYDER.
No. 2003 CA 2225.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
*73 Stephen W. Glusman, Baton Rouge, Counsel for Plaintiff/Appellee, M.G. Mayer Yacht Services, Inc.
Franklin J. Foil, Baton Rouge, Counsel for Defendant/Appellant, Robert Ryder.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
In this suit on a promissory note, defendant appeals a summary judgment in favor of plaintiff for the entire value of the note, contending summary judgment was improper as genuine issues of material fact exist concerning the amount due. For the following reasons, we affirm the judgment of the trial court.
On May 30, 2002, M.G. Mayer Yacht Services, Inc. filed suit against Robert Ryder. Therein, Mayer Yacht Services alleged that it is the holder of a promissory note in the sum of $37,595 executed by Mr. Ryder and dated June 29, 2001; that the note was due ninety days after the date on the note; that the note provides that, in the event the note was not paid upon maturity and was placed in the hands of an attorney for collection, reasonable attorney's fees would be paid; and that Mr. Ryder failed to pay the note, despite amicable demand. Mayer Yacht Services sought judgment against Mr. Ryder in the sum of $37,595, plus eighteen percent interest from June 29, 2001 until paid, as well as reasonable attorney's fees and all costs of the proceedings. Mr. Ryder answered the suit with a general denial. He also pled the affirmative defense of offset or credit for monies already paid to plaintiff.
Subsequently, Mayer Yacht Services filed a motion for summary judgment. In support of the motion for summary judgment, Mayer Yacht Services placed into evidence the affidavit of Michael Mayer, president of Mayer Yacht Services, and the original promissory note. The note was dated June 29, 2001, for the principal sum of $37,595, and due on September 29, 2001. In his affidavit, Mr. Mayer attested that Mr. Ryder had failed to pay the note.
Mr. Ryder opposed the motion for summary judgment with his own affidavit. Therein, Mr. Ryder stated that he purchased a boat through Mayer Yacht Services on June 29, 2001; that Mr. Mayer agreed to apply a $15,000 credit to the promissory note for the payment of future engine repairs and in exchange for the forgiveness of commissions Mr. Ryder owed a third party, Gary Bonanno; that Mr. Ryder spent more than $50,000 on engine repairs since purchasing the boat; *74 and that Mr. Mayer knew of problems with the engine prior to the time of purchase, but failed to disclose the problems to Mr. Ryder.
After hearing the matter, the trial court rendered judgment in favor of Mayer Yacht Services and against Mr. Ryder in the sum of $37,595, together with interest from June 27, 2001 until paid at the rate of eighteen percent, attorney's fees in the amount of $7,500, and all costs. Mr. Ryder appeals, asserting that the trial court erred in granting summary judgment as genuine issues of material fact remain concerning the amount of the debt. In support of this assertion, Mr. Ryder relies on statements in his affidavit that the parties agreed that he would receive a $15,000 credit and that the engine of the boat was defective at the time of the sale. He contends that these statements are admissible pursuant to LSA-C.C. art. 1848.
Louisiana Civil Code article 1848 governs the use of parol evidence when interpreting an authentic act or an act under private signature, and provides as follows:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
Generally, parol evidence is not admissible to vary or contradict the terms of an authentic act or an act under private signature. However, in the interest of justice, parol evidence may be admitted under certain circumstances. Sonnier v. Boudreaux, 95-2127, p. 5 (La.App. 1 Cir. 5/10/96), 673 So.2d 713, 718. Between the parties to an instrument, parol evidence is admissible to show fraud, mistake, illegality, want or failure of consideration, or to explain an ambiguity when such explanation is not inconsistent with the written terms. Scafidi v. Johnson, 420 So.2d 1113, 1115 (La.1982). See also People's Homestead Fed. Bank for Sav. v. Laing, 569 So.2d 271, 275 (La.App. 2 Cir.1990); Fly v. Hand, 376 So.2d 1016, 1019 (La.App. 1 Cir.1979). Parol evidence is also admissible "to prove that the written act was modified by a subsequent and valid oral agreement." LSA-C.C. art. 1848.
In its reasons for judgment, the trial court stated that Mr. Ryder testified, in his affidavit, that the agreement to reduce the amount due on the note by $15,000 occurred prior to the signing of the note. However, this is a misstatement. In his affidavit, Mr. Ryder stated that "Michael Mayer ... told Robert Ryder at the time he purchased the boat that he would apply a $15,000.00 credit to the promissory note." From this statement, it is clear that the statement was not made subsequent to the execution of the written agreement as required by LSA-C.C. art. 1848. Therefore, the trial court correctly concluded that parol evidence of this prior or contemporaneous agreement was not admissible to vary the terms of the promissory note. See Ferrell v. South Central Bell Tel. Co., 403 So.2d 698 (La.1981).
Mr. Ryder further asserted in his affidavit in opposition to the motion for summary judgment that Mr. Mayer knew, at the time of the sale, of defects in the engine of the boat, but withheld this information from Mr. Ryder. These statements constitute an allegation of fraud. However, fraud is an affirmative defense and must be pled with particularity. LSA-C.C.P. arts. 856 and 1005; Young v. State Farm Fire & Cas. Ins. Co., 426 So.2d 636, 640 (La.App. 1 Cir.1982), writs denied, 438 So.2d 148, 171 (La.1983). Herein, *75 defendant did not plead fraud in his answer. Because defendant failed to plead this affirmative defense, we do not reach the issue of whether these allegations would have been adequate to defend against plaintiff's motion for summary judgment.[1]
For the foregoing reasons, we affirm the judgment of the trial court. Costs are assessed against the appellant, Robert Ryder.
AFFIRMED.
GUIDRY, J., concurs.
NOTES
[1] While we recognize that situations may exist where an acquiescence in the factual allegations of fraud serve to expand the pleadings, the record in this case is devoid of any evidence to support such an expansion.