915 So.2d 863 (2005)
Kevin WHIDDON
v.
LIVINGSTON PARISH COUNCIL
No. 2004 CA 1126.
Court of Appeal of Louisiana, First Circuit.
May 6, 2005.
*864 James E. Shields, Jr., Gretna, Counsel for Plaintiff/Appellant Kevin Whiddon.
Richard L. Olivier, Metairie, Counsel for Defendant/Appellee Livingston Parish Council.
Before: WHIPPLE, DOWNING and HUGHES, JJ.
DOWNING, J.
Claimant, Kevin C. Whiddon, appeals an Office of Workers' Compensation Court (WCC) judgment that allegedly reduced his benefit because of his refusal to have a functional capacity evaluation (FCE). Whiddon also appeals the denial of his request for reimbursement of medical expenses and the denial of attorney fees. For the following reasons, we affirm the WCC decision.
Whiddon sustained an on-the-job injury on September 3, 1996, while cutting grass for the Livingston Parish Police Jury. One month later, Whiddon's neurosurgeon of choice, Dr. Thomas Cullom, performed a cervical discectomy and fusion. Dr. Cullom released Whiddon for work in July 1997. Whiddon did return to work but was unable to continue because of his alleged pain.
An independent medical exam (IME) was conducted by Dr. Thomas Flynn. Dr. Flynn agreed that Whiddon could return to work. Whiddon however did not return to work. Whiddon discontinued his treatment with Dr. Cullom and began treatment with another neurosurgeon, Dr. Louis Provenza. Dr. Provenza issued an opinion that Whiddon was unable to return to work.
On June 16, 1998, Whiddon had another IME conducted by Dr. Schuhmacher. Dr. Schuhmacher concluded that Whiddon could return to light duty. The doctor thought that lumbar surgery would not lessen his back pain. Dr. Schuhmacher recommended a psychological pain evaluation and vocational training. Whiddon had Dr. Provenza perform the surgery anyway. The employer refused to pay the expenses for the surgery.
*865 A trial on whether the employer had to pay the surgical expenses was held on March 15, 2000. The WCC ruled that the employer was not responsible for the unauthorized medical treatment performed by Dr. Provenza, including the surgery, but it awarded Whiddon attorney fees because of the employer's discontinuance of his benefits. Both sides appealed. This court affirmed the denial of reimbursement of medical expenses, but reversed the attorney fee award since the termination of benefits had not been arbitrary and capricious. Whiddon v. Livingston Parish Council, 00-1349 (La.App. 1 Cir. 9/28/01), 809 So.2d 421.
The record indicates that Whiddon eventually got his benefits reinstated, but the WCC ordered him to undergo the FCE and appointed Susan Blanchard of Rehab Dynamics to perform the procedure. The FCE was conducted on May 8, 2003, but Blanchard said that the tests were inconclusive because Whiddon exhibited positive signs of symptom magnification.
Whiddon filed another disputed compensation claim form and another trial was held on June 19, 2003. The WCC again denied Whiddon's reimbursement for medical expenses related to his treatment by Dr. Provenza, and also reduced his benefits until he complied with an FCE. No appeal was taken from this decision.
On October 2, 2003, Whiddon filed a disputed claim for compensation form protesting the benefit reduction, requesting that Dr. Provenza be his physician specialist, and requesting the medical expenses, including the mileage to and from doctors that had not previously been paid.
The matter was tried on March 8, 2004, from which this appeal arises. The WCC ruled that since Whiddon's choice of treating physician, Dr. Cullom, had left the state he would allow Dr. Provenza to take his place. The WCC further stated that the employer would be responsible for all reasonable and necessary medical care provided by Dr. Provenza from March 8, 2004. The WCC reinstated Whiddon's total benefit, which had been previously reduced by fifty percent, and ordered him to fully cooperate with any request to be examined by either he courts or the employers choice of physician. The WCC denied Whiddon's request for attorney fees.
Whiddon's first assignment of error, seeks repayment of the fifty-percent benefit reduction he alleges was improperly ordered when he refused to comply with a court-ordered FCE. However, the judgment that is the subject of this appeal does not grant or deny such relief. It was the judgment of June 19, 2003 that reduced Whiddon's benefit by fifty percent, and there is nothing in the record showing that this order was appealed. Therefore, the propriety of the reduction of benefits is not properly before this court.
Construing the pleadings liberally, to the extend that Whiddon is attempting to appeal the WCC's order that he comply with any request to be examined by a physician of the court's choosing or by a physician of the employer's choice, this assignment of error is also without merit. Contrary to Whiddon's assertions, the WCC does have the authority to order examination. See LSA-R.S. 23:1123.
Whiddon next alleges that the WCC erred in not paying reasonable and necessary medical expenses during the six years that he has been treated by Dr. Provenza. As we stated previously in a former appeal, Whiddon elected to be treated and to have surgery performed by Dr. Provenza even though he knew that other doctors, including his own, recommended other alternatives. Therefore, we do not address this assignment of error again.
*866 Whiddon' final assignment of error alleges that the WCC erred in not awarding him attorney fees. He argues that in order to have his benefits reinstated to one hundred percent, he was forced to hire an attorney and therefore, this expense should have been awarded.
Under Louisiana law, attorney fees are not allowed except where authorized by statute or contract. Whiddon, 00-1349 at p. 7, 809 So.2d at 427. Unless mandated by statute, whether attorney fees should be imposed is a factual question that will not be disturbed upon review in the absence of manifest error. Id. Whiddon has cited no statutory authority to mandate attorney fees in this situation, nor have we found any. We therefore conclude that the WCC did not err in denying Whiddon's attorney fee request. This assignment of error is without merit.
Following a careful review of the record we conclude that the judgment of the WCC was not manifestly erroneous, and is hereby affirmed.
AFFIRMED.