THERIOT, J.
Proride Trailers, LLC ("Proride") and Jason Jarreau appeal the judgment of the Eighteenth Judicial District Court granting Danos Tree Service, LLC and Daniel LaHam's (collectively "Appellees") motion for summary judgment. For the following reasons, we affirm in part, vacate in part, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
On January 11, 2016, Jason Jarreau and Proride (collectively "Appellants") entered into a contract with Daniel LaHam, the owner of Danos Tree Service, LLC ("DTS"). Appellants agreed to manufacture a grapple trailer for DTS by March 27, 2016 for a total price of $33,511.97. Mr. LaHam gave Appellants a check for $30,000 as a down payment. According to Appellees, Appellants never provided the trailer, never returned the down payment, and never responded to Appellees' demands for information.
On July 1, 2016, Appellees filed suit against Appellants, alleging fraud, violations of the Louisiana Unfair Trade Practices Act ("LUTPA") pursuant to La. R.S. 51:1401, et seq. , breach of contract, and unjust enrichment. Appellees further alleged that Mr. Jarreau was solidarily liable with Proride under a veil piercing theory. Appellees also brought a revocatory and oblique action pursuant to La. Civ. Code arts. 2036 and 2044 for the return of funds improperly received that caused or increased Proride's insolvency. Additionally, Appellees alleged they were entitled to damages for detrimentally relying on the promises of Mr. Jarreau and Proride, and alleged that Proride and Mr. Jarreau committed the tort of conversion by improperly *1082 receiving and never returning the $30,000 deposit. On the same date, Appellees submitted interrogatories, requests for admissions, and requests for production of documents to both Mr. Jarreau and Proride. Appellees also attached nine different consumer complaint forms to the petition that accused Appellants of conduct such as issuing temporary tags without a permit, missing delivery deadlines, failing to provide license plates and/or title documents, refusing to return deposits, and incorrectly installing equipment.
On July 27, 2016, Mr. Jarreau submitted a document entitled "Defendants Response" on behalf of himself and Proride. In the "Defendants Response," Appellants contested each of the nine customer complaints attached to the petition. As for the contract at issue, Appellants denied the allegation of fraud and alleged that Proride had been forced to shut down its business during the process of Appellees' trailer being built. The response also states that because Proride is a limited liability company, none of its members or entities are personally liable for the funds in question. The response also indicates that Appellants have never refused to refund the $30,000 deposit to Appellees.
On March 16, 2017, Appellees filed a motion for summary judgment. In a supporting memorandum, Appellees argue that because Appellants failed to deny the allegations in the petition and failed to answer the requests for admissions, those allegations were deemed admitted and evidenced the absence of a genuine issue of material fact. Appellants did not file an opposition to Appellees' motion for summary judgment however, Mr. Jarreau did appear pro se on behalf of himself and Proride at the hearing on the motion.
The trial court signed a judgment on May 3, 2017, granting Appellees' motion for summary judgment finding Proride and Mr. Jarreau, in his individual capacity, solidarily liable to Appellees in the amount of $30,000. The trial court also ordered Mr. Jarreau to pay $11,000 in attorney's fees and $968.50 in court costs to Appellees. This appeal followed.
ASSIGNMENTS OF ERROR
Appellants assign the following as error:
(1) The trial court was clearly wrong in granting summary judgment in this matter.
(2) The trial court was clearly wrong in ruling that Jason Jarreau was liable in solido with Proride Trailers, LLC.
(3) The trial court was clearly wrong in awarding attorney's fees in this matter.
STANDARD OF REVIEW
A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Schultz v. Guoth, 2010-0343 (La. 1/19/11), 57 So.3d 1002, 1005-06.
DISCUSSION
Assignment of Error # 1
In their first assignment of error, Appellants argue that the trial court erred in granting Appellees' motion for summary judgment. Appellants argue that the "Defendants Response" was their response to the petition, requests for admissions, requests for production of documents, and interrogatories. Further, Appellants allege that the trial court never considered the "Defendants Response" and that examination of such would have made it clear that material issues of fact do exist in this case.
*1083 Denials to allegations of fact contained within a petition are governed by La. Code Civ. P. art. 1004, which states:
The answer shall admit or deny the allegations of fact contained in each paragraph of the petition, and all such allegations, other than those as to the amount of damages, are admitted if not denied in the answer. If the defendant is without knowledge or information sufficient to justify a belief as to the truth of an allegation of fact made in the petition, he shall so state and this shall have the effect of a denial. Denials shall fairly meet the substance of the allegations denied. When the defendant intends in good faith to deny only a part of or to qualify an allegation of fact, he shall admit so much of it as is true and material and shall deny or qualify the remainder. (Emphasis added).
Louisiana Code of Civil Procedure article 1467 governs requests for admissions and states in relevant part:
A. Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.
Appellees filed their petition and propounded requests for admissions on July 1, 2016. Appellants filed their "Defendants Response" on July 27, 2016. The "Defendants Response" consists of three sections, which correspond to the sections of the petition. In the first section, Appellants dispute the claims that they defrauded various customers. In the second section, Appellants state that Proride is a limited liability company. The third section addresses paragraphs 14, 15, 16, 21, 25, 26, 27, 30, 32, 33, 34, and 48 of the petition. The "Defendants Response" does not dispute that an agreement was entered into for the manufacture of a trailer, nor does it dispute that Appellants failed to provide the trailer. In regard to Appellees' fraud claim, Appellants state only that there was no proof that Appellants had not begun fabricating the trailer and that there was no fraud involved in this case. In their response to the piercing the corporate veil claim, Appellants claim that Proride is a limited liability company and that none of its members or entities are responsible for funds, and that Proride had no choice but to shut down its business while the trailer was being built. As to the LUTPA claim, Appellants again dispute the attached complaints and state that they did not intend to not deliver the trailer. Finally, as to the unjust enrichment claims, Appellants state that they never refused to refund the down payment. Appellants do not acknowledge the Appellees' revocatory and/or oblique action, breach of contract claims, detrimental reliance claims, or conversion claims. Further, although the "Defendants Response" addressed some of the petition's paragraphs, it does not answer any of the requests for admissions.
As stated in La. Code Civ. P. art. 1004, the answer must admit or deny the allegations of fact contained in each paragraph of the petition, and those allegations not denied are deemed admitted. The language of La. Code Civ. P. art. 1467 is very clear; the matter is admitted unless a written answer or objection is served on the party making the request within the specified time after service of the request. Vardaman v . Baker Center, Inc ., 96-2611 (La. App. 1 Cir. 3/13/98), 711 So.2d 727, 732-33. However, Article 1467 is not a trap set for the litigant; it provides many options for the party on whom the request is served. Id. at 733. If the party cannot answer *1084 within the specified time, the court may allow additional time. Id. The answer itself may take many forms; the party may admit the facts alleged, deny them, state reasons why it cannot truthfully admit or deny the matter, or give reasons why it objects to the request. Id. But if a party fails to take any of these steps, the matter is admitted and, according to La. Code Civ. P. art. 1468, is conclusively established. Id.
In the present case, Appellants only responded to a few of the allegations in the petition and failed to answer the requests for admission. As a result, those allegations are deemed admitted and conclusively established as facts for the purposes of this litigation. See Vardaman, 711 So.2d at 732-733. Because these facts are established, there are no genuine issues of material fact remaining. Therefore, the trial court properly granted Appellees' motion for summary judgment.
Assignment of Error # 2
In their second assignment of error, Appellants argue that the trial court erred in finding Mr. Jarreau to be liable in solido with Proride.
A corporation is a separate entity from its shareholders and a Louisiana limited liability company is a separate legal entity from its members. Fausse Riviere, L.L.C. v. Snyder, 2016-0633 (La. App. 1 Cir. 2/15/17), 211 So.3d 1188, 1192. See also La. Civ. Code art. 24. Corporations and limited liability companies are recognized juridical persons. Id. See also La. Civ. Code art. 24. In narrowly defined circumstances, when individual member(s) of a juridical entity, such as a limited liability company, mismanage the entity or otherwise thwart the public policies justifying treating the entity as a separate juridical person, the individual member(s) have been subjected to personal liability for obligations for which the limited liability company would otherwise be solely liable. Id. When individual member(s) are held liable under such circumstances, it is said that the court is piercing the corporate veil. Id. Only exceptional circumstances warrant disregarding the concept of a corporation or limited liability company as a separate entity. Id. Moreover, the same policy considerations relevant to a determination of piercing the veil of a corporation also apply to a limited liability company. Id. at 1192-93.
The court may pierce the corporate veil under two exceptional circumstances. Id. at 1193. First, where the shareholders, acting through the corporation, commit fraud or deceit on a third party, the court will look to the shareholders for justice. Id. Secondly, the court may disregard the corporate identity where shareholders fail to conduct the business on a corporate footing. Such a failure can occur if the shareholder disregarded the corporate formalities to such an extent that the shareholder and the corporation became indistinguishable, or such unity existed that separate individualities ceased and the corporation was operated as the "alter ego" of the shareholder. Id.
Because of Appellants' failure to deny all the relevant allegations in the petition and because Appellants failed to answer the requests for admission, it is conclusively established for the purposes of this litigation that Proride operated as the alter ego of Mr. Jarreau. Paragraph 4 of the petition states in relevant part that "[u]pon information and belief, Jarreau is the sole member of Proride." Paragraph 26 of the petition states "Moreover, Jarreau is not entitled to hide behind his now unregistered limited liability company because, on information and belief, as the sole member of a thinly capitalized entity that misdirected entity funds for his personal profit, Jarreau is the alter ego of Proride." In the "Defendants Response,"
*1085 Appellants did not deny the assertion that Mr. Jarreau was the only member of Proride, nor did Appellants deny that Mr. Jarreau had used Proride as his alter ego. Additionally, and as previously stated, Appellants did not answer the requests for admissions, which included a request that Mr. Jarreau and/or Proride "[a]dmit that the facts stated in Paragraph 26 in Plaintiffs' Petition are true and correct."
Because Appellants failed to deny that Proride is the alter ego of Mr. Jarreau, these facts are also deemed admitted and conclusively established as facts for the purposes of this litigation. See Vardaman, 711 So.2d at 732-733. As such, the trial court did not err in finding Mr. Jarreau to be liable in solido with Proride.
Assignment of Error # 3
In their third assignment of error, Appellants allege that the trial court erred in granting attorney's fees in this matter. Under Louisiana law, attorney fees are not allowed except where authorized by statute or contract. Whiddon v. Livingston Parish Council , 2004-1126 (La. App. 1 Cir. 5/6/05), 915 So.2d 863, 866. Unless mandated by statute, whether attorney fees should be imposed is a factual question that will not be disturbed upon review in the absence of manifest error. Id.
We must also consider whether the amount of attorney's fees awarded was reasonable. Factors to be taken into consideration in determining the reasonableness of attorney's fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence of counsel; and (10) the court's own knowledge. Anglin v. Anglin , 30 So.3d 746, 752 (La.App. 1 Cir. 2009). The trial court has much discretion in fixing an award of attorney's fees, and its award will not be modified on appeal absent a showing of an abuse of discretion. Id.
The only mention of the amount of attorney's fees in this case is the judgment, which was prepared by Appellees' counsel prior to the hearing on the motion for summary judgment. Further, the record is vague as to which factors, if any, the trial court considered in setting the amount of attorney's fees. Since we lack the necessary information to apply our standard of review, we must vacate the trial court's award of attorney's fees. The matter is remanded for a hearing to determine if attorney fees are warranted in this matter, and, if so, the amount of attorney fees.
DECREE
For the above and foregoing reasons, the judgment of the Eighteenth Judicial Court is affirmed insofar as it granted the motion for summary judgment filed by Danos Tree Service, LLC and Daniel LaHam and insofar as it decreed that Proride Trailers, LLC and Jason Jarreau, in his individual capacity, are solidarily liable to Danos Tree Service, LLC and Daniel LaHam in the amount of $30,000. The judgment is vacated insofar as it ordered Jason Jarreau to pay Danos Tree Service, LLC and Daniel LaHam $11,000 in attorney's fees. The matter is remanded for further proceedings consistent with this opinion. One-half of the costs of this appeal are assessed to Appellants, Proride Trailers, LLC and Jason Jarreau, and one-half of the costs of this appeal are assed to Appellees, Danos Tree Service, LLC and Daniel LaHam.
AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
Welch J., concurs and assigns reasons.
McClendon J. concurs and assigns reasons.
*1086 A summary judgment may be rendered only as to those issues set forth in the motion under consideration by the court at that time. LSA-C.C.P. art. 966F. Because attorney's fees were not sought in appellees' motion for summary judgment, the trial court erred in awarding them in its judgment. Accordingly, I concur in vacating the attorney's fee award.
I respectfully concur with the opinion in this matter. I concur with affirming the trial court's grant of summary judgment in favor of Danos Tree Service, LLC and Daniel LaHam and against Proride Trailers, LLC and Jason Jarreau, as to the $30,000.00. However, I believe the provision in the trial court's May 3, 2017 judgment ordering Proride Trailers, LLC and Jason Jarreau to pay that amount within thirty days of judgment should be vacated.
I respectfully concur with vacating the trial court's award of attorney's fees on summary judgment to Danos Tree Service, LLC and Daniel LaHam and against Jason Jarreau in the amount of $11,000.00, and I additionally point out that as a matter of law, attorney's fees are not recoverable when a trial court grants a motion for summary judgment. La. C.C.P arts. 966 - 969 ; Lewis v. Busby, 2005-2242 (La. App. 1st Cir. 9/27/06), 946 So.2d 665, 670. Although attorney's fees may be awarded when a trial court finds that sanctions under La. C.C.P. art. 863 are appropriate, no request for Article 863 sanctions was made in this matter. Id. I also note that attorney's fees were not requested in the motion for summary judgment. La. C.C.P. art. 966(F) ; see also Williams Law Firm v. Bd. of Sup'rs of Louisiana State Univ., 2003-0079 (La. App. 1st Cir. 4/2/04), 878 So.2d 557, 573.
For these reasons, I respectfully concur.