# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-609


**PEDESTAL BANK**

**VERSUS**

**CASTAWAYS OYSTER BAR AND SEAFOOD GRILL, LLC, SONYA DOWDEN AND JACOB JOHN DAVIS, JR.**

\*\*\*\*\*\*\*\*\*
ON APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 97,305
HONORABLE C. ANTHONY EAVES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*
## JONATHAN W. PERRY
## JUDGE

\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Charles G. Fitzgerald, Judges.


**AFFIRMED.**

Ronald J. Bertrand
Attorney at Law
714 Kirby Street
Lake Charles, LA 70601
(337) 436-2541
**COUNSEL FOR PLAINTIFF/APPELLEE**:
    b1Bank (f/k/a Pedestal Bank)

Jack L. Simms, Jr
100 East Texas Street
P. O. Box 1554
Leesville, LA 71496-1554
(337) 238-9393
**COUNSEL FOR DEFENDANTS/APPELLANTS**:
    Castaways Oyster Bar and Seafood Grill, LLC, Sonya Dowden
    and Jacob John Davis, Jr.

**PERRY, Judge.**

This case involves a petition by ordinary process seeking a money judgment and recognition of commercial security agreements executed to secure the obligation. The trial court granted the money judgment and recognized the lien and privilege resulting from the commercial security agreements. For the following reasons, we affirm the trial court judgment.

## FACTS AND PROCEDURAL HISTORY

On September 8, 2017, Castaways Oyster Bar and Seafood Grill, LLC ("Castaways") executed a promissory note payable to City Savings Bank & Trust Company ("City Savings"). Castaways executed the promissory note pursuant to a limited liability company resolution to borrow/grant collateral executed on July 15, 2016. To secure its obligation, Castaways executed a commercial security agreement dated December 2, 2016, granting a security interest in favor of City Savings on all equipment. The commercial security agreement was perfected by filing a UCC-1 Financial Statement in Vernon Parish, Louisiana. The indebtedness of Castaways was further guaranteed by Jacob John Davis, Jr. ("Davis") and Sonya Dowden ("Dowden") as evidenced by separate commercial guaranty agreements dated September 8, 2017. The promissory note matured on its own terms on September 8, 2018, with an outstanding balance, accrued interest, and late charges.

On February 16, 2018, prior to the maturity of Castaways's indebtedness, City Savings together with four other banks consolidated and became Pedestal Bank ("Pedestal"). Thereafter, on March 19, 2019, Pedestal, the successor by bank merger with City Savings, filed its petition for money judgment and the recognition of the security agreement, seeking judgment against Castaways, Dowden, and Davis (collectively "the defendants").

Before the commencement of trial, Pedestal merged with b1Bank. The surviving entity was b1Bank. As a result of that merger, b1Bank moved to be substituted as party plaintiff. On June 15, 2020, the trial court signed an order approving b1Bank's substitution as the party plaintiff.

On May 22, 2019, the defendants filed a combined answer to b1Bank's petition and further brought a third party demand against Sherry Marze ("Marze").[1] In their answer, the defendants admitted the allegations of paragraphs 1 through 3 of the petition. The defendants neither admitted nor denied paragraphs 4 through 10 of the petition.

On May 12, 2022, a trial was held with witness testimony. After hearing testimony of Ronald Greenman ("Mr. Greenman"), b1Bank's vice-president in charge of collection, and reviewing the promissory note, the commercial security agreement, and the two commercial guaranties, the trial court granted judgment in favor of b1Bank. At the end of trial, the court stated:

> [I]n this case the law is what the law is, and if you don't specifically deny and - -thereby giving notice to the creditor when something - - like in this lawsuit[.] Then the law says you admit the allegations. So, by operation of law, when a general denial or failure to deny is anything other than the specific denial is entered[,] it is an admission[.]

After denying the defendants' motion for new trial, this appeal followed.

### APPELLANTS' ASSIGNMENTS OF ERROR

1. The trial [j]udge's ruling in favor of the plaintiff,[b1Bank,] is contrary to the laws of this State, and to the evidence adduced in support of plaintiff's case;

2. The [t]rial [j]udge erred in considering LA R.S. 13:3733.1 dispositions of the case, and that the provisions of that statute allow the errors in the documents at issue[] in this case to be corrected by a "certificate";

---

[1] The third party demand against Marze is not part of this appeal.

2

3. The [t]rial [j]udge erred in allowing the calculation of the account of defendant Castaways, L.L.C. into evidence over defendant's objection[;]

4. The [t]rial [j]udge did not require the plaintiff to prove a Prima Facie case, by allowing incomplete documents, and allowing hearsay documents to be filed into evidence by plaintiff.

## MOTION TO STRIKE

After the defendants filed their brief to this court, b1Bank filed a motion to strike the following issues identified in the defendants' brief and the argument thereon, to-wit:

8. Whether or not the trial court erred in not considering the conduct of plaintiff and its representative, Ronald Greenman, to rise to the level of fraud;

9. Whether or not Ronald Greenman or anyone else on the behalf of plaintiff, conspired with Sherry Marze to conceal defendants' collateral and to sell some of the collateral without giving credit to defendant, Castaways.

It is the position of b1Bank that these issues and the argument that the defendants make regarding them interject allegations of fraud and conspiracy. It argues that these issues were not pleaded in the defendants' answer to b1Bank's petition, and testimony about these issues was disallowed in the trial court as an attempt to improperly enlarge the pleadings. b1Bank contends the defendants are now impermissibly attempting to enlarge their pleadings at the appellate level. Thus, it asks us to strike those issues and refuse to address them in this opinion.

The defendants urge this court to deny b1Bank's motion to strike. They argue that the documents relied upon by b1Bank and the testimony of Mr. Greenman were attempts to secure a judgment based on the lack of personal knowledge, and relied upon improperly executed, forged and unsigned instruments and documents. They further contend that all of this was known to b1Bank. Rather, they assert that the trial court should have taken notice that the defendants were unaware of the agenda

3

and intention of b1Bank to present their case in this manner. Thus, the defendants argue that even though no affirmative defenses were set forth in their answer, the trial court, in the interest of justice, should not have rendered a judgment against them.

An appellate court must render any judgment which is just, legal, and proper upon the record on appeal. La.Code Civ.P. art. 2164. "The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcripts, jury instructions (if applicable), judgments, and other rulings, unless otherwise designated." *Niemann v. Crosby Dev. Co., L.L.C.*, 11-1337, p. 7 (La.App. 1 Cir. 5/3/12), 92 So.3d 1039, 1044. Appellate courts may not review evidence that is not in the appellate record, nor may they receive new evidence. *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84. Further, appellate courts may not consider facts, memoranda, or exhibits referred to in the appellate briefs if they are not in the appellate record. *Pickett v. J.B. Tuck Land Clearing*, 12-1409 (La.App. 3 Cir. 5/1/13), 157 So.3d 34.

Turning to the motion to strike, pursuant to Uniform Rules—Courts of Appeal, Rule 2-12.2(B), the language used in briefs shall be free from insulting, abusive, discourteous, or irrelevant matters. This court has no authority to consider on appeal facts referred to in appellate briefs if those facts are not in the record on appeal. La.Code Civ.P. art. 2164; *In re Succession of Badeaux*, 08-1085 (La.App. 1 Cir. 3/27/09), 12 So.3d 348, *writ denied*, 09-0822 (La. 5/29/09), 9 So.3d 166.

In an answer to a petition, the defendant shall "state in short and concise terms the material facts upon which the defenses to the action asserted are based, and shall set forth the affirmative defenses as required by Article 1005." La.Code Civ.P. art. 1003. The defendant bears the burden of pleading and proving an affirmative

4

defense. *Dofflemyer v. Gilley*, 384 So.2d 435 (La.1980); *Prestenbach v. Sentry Ins. Co.*, 340 So.2d 1331 (La.1976).

Fraud is an affirmative defense under La.Code Civ.P. art. 1005. *M.G. Mayer Yacht Servs., Inc. v. Ryder*, 03-2225 (La.App. 1 Cir. 10/29/04), 897 So.2d 72. Furthermore, La.Code Civ.P. art. 856 provides, in part: "In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." Likewise, although a conspiracy need not be pled specifically, the party pleading such a cause of action is required to put forth the material facts upon which such a cause of action was based. *See Curole v. Delcambre*, 16-550 (La.App. 3 Cir. 8/2/17), 224 So.3d 1074, *writs denied*, 17-1491, 17-1506 (La. 1/9/18), 231 So.3d 652, 653. Our review of defendants' pleadings show that they never pled fraud with any particularity and failed to allege any material facts upon which a claim for conspiracy involving b1Bank or its predecessors.

Nevertheless, we are aware it may be possible that pleadings may have been enlarged at trial. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading." La.Code Civ.P. art. 1154. As stated in *Roberson v. Provident House*, 576 So.2d 992, 995 (La.1991), "The general rule as stated . . . in *Webster v. Rushing*, 316 So.2d 111 (La.1975), is that pleadings may be enlarged by evidence adduced without objection when such evidence is not pertinent to any other issue raised by the pleadings and, hence, would have been excluded if objected to timely."

Our review of the record shows that whenever the defendants attempted to adduce testimony at trial relative to fraud or conspiracy on the part of b1Bank or its predecessors, such attempts were consistently objected to by counsel and sustained

5

by the trial court. Accordingly, it is clear the defendants' pleadings were not expanded to include fraud or conspiracy.

Based on our review of the motion, the record on appeal, and the briefs, we grant the motion of b1Bank to strike any reference in the defendants' briefs to facts not contained in the appellate record relative to fraud or conspiracy. *See Harrelson v. Arcadia*, 10-1647 (La.App. 1 Cir. 6/10/11), 68 So.3d 663, *writ denied*, 11-1531 (La. 10/7/11), 71 So.3d 316. Therefore, we will not address any aspect of the defendants' briefs that addresses fraud or conspiracy.

## APPELLANTS' ARGUMENT

The defendants contend the trial court judgment should be reversed for the following reasons: (1) the loan documents, specifically the promissory note and the security agreement, were not dated, witnessed, or paraphed for identification with each other; (2) the Affidavit of Account attached to b1Bank's petition executed by Mr. Greenman was nothing more than hearsay because he had no personal involvement with the loan process or with defendants; thus, the defendants contend the trial court should have given no weight to his testimony; (3) the account balance was not prepared by Mr. Greenman and should not have been admitted into evidence because the defendants objected to the admission of these documents; and (4) the trial court erred when it admitted b1Bank's loan documents because it misinterpreted La.R.S. 13:3733.1 which only allows consideration of copies of documents when the original documents are destroyed.

## APPELLEE'S POSITION

b1Bank asserts that the trial court's judgment is in accord with well settled law and jurisprudence. The defendants admitted three of b1Bank's allegations and failed to admit or deny the remaining seven. Based upon La.Code Civ.P. art. 1004

6

and La.R.S. 10:3-308, the failure to admit or deny an allegation constitutes an admission of the allegations. Because of that reasoning, it contends the trial court correctly ruled in its favor.

## ANALYSIS

We will now address the defendants' assignments of error. In doing so, we find it only necessary to review the pleadings as that analysis disposes of all assignments of error raised by the defendants.

*The pleadings*

The petition of Pedestal, the predecessor of b1Bank, consisted of allegations spread out over ten numbered paragraphs. Supplementing the allegations raised in Pedestal's petition were exhibits consisting of loan documents executed by the defendants and an affidavit of the correctness of the amount the defendants owed.

In their answer, the defendants admitted the first three paragraphs of the petition, including the allegation contained in Paragraph 3 that "[p]etitioner is the owner and holder, for a value, [of] a Promissory Note executed by the defendant, CASTAWAYS[.]"[2] In their answer, the defendants failed to either "admit" or "deny" any of the allegations set forth in Paragraphs 4 through 10 of the petition. These allegations established the basis for the lawsuit against the defendants and referenced the following attached exhibits, namely: the promissory note executed by Castaways (Exhibit A); the Limited Liability Company Resolution to Borrow/Grant Collateral certified in accordance with La.R.S. 13:3733.1 (Exhibit B); the Commercial Security Agreement certified in accordance with La.R.S. 13:3733.1 (Exhibit C); the Commercial Guaranty of Davis certified in accordance with La.R.S. 13:3733.1 (Exhibit D); the Commercial Guaranty of Dowden certified in accordance

---

[2] Paragraph 1 named the three defendants. Paragraph 2 alleged that neither Dowden nor Davis were service members in military service.

7

with La.R.S. 13:3733.1 (Exhibit E); and the Affidavit of Account on behalf of b1Bank.

Louisiana Code of Civil Procedure Article 1004 provides, in pertinent part, that "[t]he answer shall admit or deny the allegations of fact contained in each paragraph of the petition, and all such allegations . . . are admitted if not denied in the answer." Applying La.Code Civ.P. art. 1004 in *Aetna Cas. & Sur. Co. v. Purvis*, 316 So.2d 845 (La.App. 3 Cir. 1975), we held that when an allegation, except one relative to the amount of damages, is not answered, it is deemed admitted. *See also Danos Tree Serv., LLC v. Proride Trailers, LLC*, 17-1546 (La.App. 1 Cir. 7/10/18), 255 So.3d 1078. Moreover, "[a]n admission in a pleading constitutes a judicial confession and is full proof against the party making it." *Starns v. Emmons*, 538 So.2d 275, 279 (La.1989). "A judicial confession has the effect of waiving evidence as to the subject of the admission." *C.T. Traina, Inc. v. Sunshine Plaza, Inc.*, 03-1003, p. 5 (La. 12/3/03), 861 So.2d 156, 159. In the present case, the defendants failed to admit or deny the allegations raised in paragraphs 4 through 10 of b1Bank's petition. Because of the defendants' failure to admit or deny the allegations, their inaction waived the necessity to admit evidence as to the subject matter. Based upon La.Code Civ.P. art. 1004, the trial court properly found those allegations admitted.

At the trial on the merits, b1Bank utilized the testimony of Mr. Greenman to formally introduce the various loan documents that the defendants specifically admitted or were admitted by virtue of La.Code Civ.P. art. 1004.

In *Deville v. E.S. Fields*, 546 So.2d 332, 334 (La.App. 3 Cir.1989) (citations omitted), this court stated, "Under LSA-C.C.P. art. 1635, in the absence of an objection, the complaining party must be deemed to have waived his right to complain of the alleged impropriety on appeal. In the absence of objection[,] the

8

trial court is afforded no opportunity to prevent or correct the alleged error." After thoroughly reviewing the trial record before us, we find the defendants made no objection at trial to the introduction of the promissory note and the guaranty agreement executed by Davis. Thus, based upon La.Code Civ.P. art. 1004 and due to the defendants' failure to object to the introduction of these documents, their objection on appeal to these documents is waived. *See Senegal v. George Theriot's Inc.*, 445 So.2d 137 (La.App. 3 Cir.), *writ denied*, 448 So.2d 114 (La.1984).

As to Dowden's guaranty agreement, the defendants argue that it should not have been admitted into evidence because she did not sign it. For the following reasons, we find the defendants have waived their argument on this dispute.

First, the defendants' failed to admit or deny the allegation which referenced Dowden's guaranty agreement. As noted above, the failure to admit or deny an allegation is deemed to constitute a judicial confession of the allegation. Furthermore, their inaction waived the necessity to admit evidence as to the subject matter. *Traina*, 861 So.2d 156.

Secondly, La.R.S. 10:3-308(a) provides, in pertinent part, that "[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings." Complementing that provision, La.R.S. 10:3-308(b) states that "[i]f the validity of signatures is admitted or proved and there is compliance with Subsection (a), a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument[.]" When the defendants specifically admitted the allegations made in Paragraph 3 of b1Bank's petition, they confessed that the petitioner was "the owner and holder" of the promissory note and, as such, was a "person entitled to enforce" the instrument as provided in La.R.S. 10:3-301.

9

This aligns with the reasoning elaborated upon in the Official Comments to La.R.S. 10:3-308 which state, in part:

> The purpose of the requirement of a specific denial in the pleadings is to give the plaintiff notice of the defendant's claim of forgery or lack of authority as to the particular signature, and to afford the plaintiff an opportunity to investigate and obtain evidence. If local rules of pleading permit, the denial may be on information and belief, or it may be a denial of knowledge or information sufficient to form a belief. It need not be under oath unless the local statutes or rules require verification. In the absence of such specific denial the signature stands admitted and is not in issue. Nothing in this section is intended, however, to prevent amendment of the pleading in a proper case.
>
> The question of the burden of establishing the signature arises only when it has been put in issue by specific denial. "Burden of establishing" is defined in Section 1-201. The burden is on the party claiming under the signature, but the signature is presumed to be authentic and authorized except as stated in the second sentence of subsection (a). "Presumed" is defined in Section 1-201 and means that until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid. The presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon, and normally any evidence is within the control of, or more accessible to, the defendant. The defendant is therefore required to make some sufficient showing of the grounds for the denial before the plaintiff is required to introduce evidence.

Against that backdrop, we find that because the allegations of b1Bank's petition were presumed admitted as a matter of law, the issue of the authenticity of Dowden's signature was no longer an issue at trial.

The defendants further argue that the trial court erred when it utilized La.R.S. 13:3733.1 to allow b1Bank to introduce reproductions of the original records as a method to cure deficiencies in some of the documents.

Louisiana Revised Statutes 13:3733.1 provides, in part:

> B. Any financial institution may reproduce any of its original records used by such financial institution during the course of its business activities, and any such financial institution may thereafter destroy the original record in the regular course of its business activities; however, if the original record is held by the financial institution in a custodial or fiduciary capacity for or on behalf of another

10

person or entity, the original record shall not be destroyed without the express consent of such other person or entity.

C. Notwithstanding any other statute, rule of law, regulation, ordinance, or other provision to the contrary, except Subsection G of this Section, each reproduction of a record made pursuant to this Section shall be considered to be an original of such record for all purposes and shall be admissible into evidence to the same extent as the original record itself in any judicial, administrative, and other proceedings in all courts, tribunals, and other bodies and in any proceedings before all boards, bureaus, departments, commissions, and agencies of this state, whether the original record is in existence or not, and shall be received in evidence as prima facie proof of its contents with the same force and effect as though the original document were produced, and shall be deemed authentic for all purposes, satisfying the requirements of Code of Evidence Articles 901 and 902. The introduction of a reproduction does not preclude introduction of the original record.

On its face, there is nothing in La.R.S. 13:3733.1 which is curative. Rather, it simply provides a means for a financial institution, such as b1Bank, to introduce reproductions of original records in lieu of the originals.

To utilize the methodology provided in La.R.S. 13:3733.1, paragraph (E) of La.R.S. 13:3733.1 dictates the procedure that the financial institution must utilize to certify that each document shall be admissible into evidence as an original record. To do so, the financial institution must certify that the document is a "true and correct reproduction of the original . . . made from the records maintained by the Financial Institution or assignee in the course of its business activities and made in accordance with the provisions of R.S. 13:3733.1."

In the present case, b1Bank used the authority provided in La.R.S. 13:3733.1 and provided the certification outlined in La.R.S. 13:3733.1(E). Finding the defendants misinterpret La.R.S. 13:3733.1, we find no merit to the defendants' argument.

11

Finally, the defendants argue that Mr. Greenman's testimony was insufficient to prove the amount owed. They contend that Mr. Greenman should have personally calculated the payoff and not have relied on the bank's computer system.

Initially, our review of the record shows that Paragraph 7 of the Petition provides the balance due and owing, and an Affidavit of the Account is attached to the pleadings which certifies the accuracy of the amounts owed by the defendants. Once again, we observe that the defendants failed to admit or deny this factual allegation. Under the provisions of La.Code Civ.P. art. 1004, all "allegations . . . are admitted if not denied in the answer." Thus, the defendants' inaction waived the necessity to admit evidence as to the subject matter. *Traina*, 861 So.2d 156.

Even so, La.Code Evid. art. 803(6) provides a hearsay exception for records regularly conducted as part of business activity. In *Delcambre v. Price*, 99-0223 (La.App. 4 Cir. 3/24/99), 738 So.2d 593, 595, it was observed as follows:

> [W]here business records are concerned, the courts have deemed it sufficient that the affiant be qualified to identify the business records as such. The affiant has not been required to show that he personally prepared the business records, or that he had direct, independent, first hand [sic] knowledge of the contents thereof. *Brown v. Adolph*, 96-1257 (La.App. 1 Cir. 3/27/97); 691 So.2d 1321. See also *Whitney Nat. Bank v. Reliable Mailing*, 96-968 (La.App. 5 Cir. 4/9/97); 694 So.2d 479, where it is implicit that a bank officer was identifying mortgage payment records of the bank when it is reasonable to assume that such an officer of a large bank would not have handled such payments directly and personally. The practical wisdom of this approach is especially easy to appreciate in litigation involving long running account relationships where it would not normally be practical or necessary to require every one of possibly numerous employees to personally attest to each entry on the account. Although the wisdom of the business records doctrine is easiest to see in connection with accounts of long standing, it is equally applicable to business records in general.

The record shows Mr. Greenman reviewed the affidavit he provided at the time the petition was filed and personally checked the official bank records contained on its computer system. Based upon that examination, he testified that the

principal balance was the same at the time of filing and that the defendants had made no payments on the account since that time. Although Mr. Greenman forthrightly testified that he did not personally calculate the payoff himself, he relied upon computer records of Pedestal and b1Bank.

Based upon the defendants' failure to deny the allegation made in the original petition regarding the indebtedness owed and considering the law and jurisprudence, we find no merit to the defendants' contention that the trial court erred when it relied upon the indebtedness stated in the original petition and as confirmed at trial by Mr. Greenman.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to the defendants.

**AFFIRMED.**